THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENITO RAMOS, Appellant.

First Department, March 5, 1970.

*Manuel Nelson Zapata* of counsel (*Zapata & Halbert,* attorneys), for appellant.

*William C. Donnino* of counsel (*Michael R. Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

EAGER, J. P. In view of the strongly expressed belief of the Trial Justice as to the innocence of the defendant, and on the basis of the record, the conviction of the defendant of robbery in the first degree, entered on a jury verdict, should be vacated and a new trial directed in the interests of justice.

On June 2, 1967, at about midnight, Rosalina Quinones, age about 35, was robbed at knife point in the elevator of her apartment building. Shortly thereafter, she gave a description of her assailant to a detective and five days later, on being shown pictures of mugging suspects by a detective, she identified the defendant as the robber. Subsequently and on viewing the defendant at the time of his arraignment in Criminal Court of the City of New York, she confirmed the identification. On the trial, she pointed to the defendant as the man who held her up in the elevator. The defendant, taking the stand, denied that he was present at the scene of the crime on the evening in question and denied that he committed the crime. His wife testified that the defendant was at home that entire evening and night.

There was no proof, independent of the testimony of Mrs. Quinones, connecting the defendant with the crime, but her testimony, if believed, would support a conviction. The jury returned a verdict of guilty and the trial court denied a formal motion made on the minutes to set aside the verdict, but the Trial Judge thereafter imposed a suspended sentence and stated: " The Court is of the firm opinion that Benito Ramos [the defendant] did not commit this crime."

Subsequently, the District Attorney instituted an article 78 proceeding, returnable in this Appellate Division, to annul the suspension of the defendant's sentence upon the ground that section 2188 of the former Penal Law, then applicable, mandated a prison sentence on the conviction of a defendant of robbery in the first degree while armed with a dangerous weapon. This court granted the petition of the District Attorney, annulled the suspension of sentence imposed upon defendant, and remanded the matter for resentence. (See *Matter of Hogan* v. *Ascione,* 31 A D 2d 517.) Upon the return of the defendant before trial

court for resentence, as directed by this court, the trial court reiterated his opinion of the innocence of the defendant but concluded that whether he agreed with the verdict or not was immaterial. He stated: '' I think everyone knows by now that I think Mr. Ramos is innocent. * * * I wish to spread on the record again my belief that Mr. Ramos is innocent, and perhaps you, Mr. Somers, [defendant's counsel] can take this up with the Governor, with the Governor's office.''

The record does not enlighten us as to the basis for the Trial Judge's belief in the innocence of the defendant. Certainly, we may assume that his statements were based upon the testimony and record before him and if this is so, it may be that the trial court erred in the failure to exercise his discretionary power to set aside the verdict and grant a new trial.

A Judge who presides over a jury trial should respect the determination of a jury upon issues of fact, particularly where questions of the credibility of witnesses are involved. He should not set aside a verdict of a jury merely because he would have decided differently on the facts. But he should not permit the verdict of a jury to stand where he concludes that the verdict is manifestly a miscarriage of justice, and conscientiously believes that it was based upon insufficient or untruthful testimony. '' Juries are not infallible. They are, individually and collectively, subject to the ordinary infirmities of human nature, and cases do occur where, if the court did not interpose and set aside the verdict, it would amount to a denial of justice. By doing so no right is taken away. The effect of setting aside the verdict is simply to subject the case to further consideration by another jury, and even this has its limits; for, if the question be one of fact upon which the testimony is conflicting, the court will, after three trials with the same result, refuse, at least in this State, to interfere any further with the verdict. (*Fowler* v. *Etna Ins. Co.*, 7 Wend. 270; *Talcot* v. *Commercial etc. Ins. Co.*, 2 Johns, 124.) '' (*Clark* v. *Mechanics' Nat. Bank of City of N. Y.*, 8 Daly 481, 504.)

A Judge '' has his responsibilities, as well as the jury; he is more than a mere figurehead or umpire between the parties '' (*O'Keefe* v. *O'Keefe*, 208 App. Div. 750). He '' has supervisory power over a jury's verdict. He is in the atmosphere of the trial; he sees the witnesses, hears their testimony '' (*Kligman* v. *City of New York*, 281 App. Div. 93, 94). '' This supervisory authority over the verdict of a jury, even upon a question of fact, is a most salutary one, and in the language of Graham, no lover of justice would wish to see it crippled or narrowed, as it might otherwise be in the power of juries to trample

upon justice. (Graham on New Trials, 537.).'' (*Clark* v. *Mechanics' Nat. Bank of City of N. Y., supra*, p. 504.)

In summary, and briefly stated, the powers vested in the Trial Judge with respect to a jury verdict should be conscientiously exercised on the basis of the record but in the interests of justice. In a criminal case, he should bear in mind that '' in the case of a reasonable doubt whether his [defendant's] guilt is satisfactorily shown, he is entitled to an acquittal '' (Code Crim. Pro., § 389). This is the standard of proof required by law in such a case '' and the proof must conform to that standard before there can be a lawful conviction '' (*People* v. *Ledwon,* 153 N. Y. 10, 17–18). Where the proof so clearly fails to come up to the statutory standard so that the matter may be determined as a matter of law, the trial court has the duty to intervene and direct an acquittal. (See *People* v. *Ledwon, supra*; *People* v. *Hoffner,* 208 Misc. 117, 119. But cf. *United States* v. *Levi,* 405 F. 2d 380.) But in a particular criminal case, the evidence may be sufficient to require submission to a jury and yet be so unsatisfactory that a verdict of guilty would be so against the weight of the evidence that it should be set aside. (*People* v. *Acquaviva,* 179 App. Div. 959.) Where, on the coming in of a verdict of guilty, the trial court conscientiously concludes that the weight of the evidence does not support a finding of guilt beyond a reasonable doubt, the court should set aside a verdict of guilty and grant a new trial. (See Code Crim. Pro., § 465.)

Certainly, we may assume that, for reasons best known to himself, the Trial Judge was of the impression that the identification testimony of Mrs. Quinones was not entirely reliable. On the basis of the record, Mrs. Quinones could have been mistaken in her identification of the defendant as the robber. If, by reason of the demeanor of the witness, a lack of certainty or inconsistencies in her testimony or other factors affecting the reliability of her testimony, the Trial Judge was firmly persuaded that there was a reasonable and proper basis for discrediting Mrs. Quinones' testimony, then, he should have set aside the verdict of guilty and directed a new trial and, in this connection, the grounds for his action should have been stated.

In any event, as presented to us on this appeal, we have an unsatisfactory record. We are unable to determine whether or not the Trial Judge has failed in his responsibilities. The evidence of the defendant's guilt is not so clear that we may reject out of hand the Trial Judge's firmly expressed opinion of the defendant's innocence. On this basis, we should deter-

mine the appeal in a manner dictated by the interests of justice. This court is expressly empowered to set aside the verdict of guilty and order a new trial in any case where '' justice requires a new trial '' (Code Crim. Pro., § 527). Thereby, there is vested in this court a broad and discretionary power to be exercised in accordance with the conscience of the court and with due regard to the interests of the defendant and those of society. Although our ultimate concern should be the interests of justice in this particular case, our responsibilities also include a duty to correct any situation which casts a doubt upon the proper functioning of the courts in the administration of justice. Here, the unexplained inconsistency between the verdict of guilty and the trial court's conclusion of innocence creates such a doubt. Such doubt is accentuated by the improper implication from the court's statement to the effect that the defendant would have a suitable remedy in an application to the Governor. If the evidence of guilt were clear and convincing we could remove the doubt by proper statements in an affirmance. But, in all the circumstances of this case, we of the majority conclude that '' justice requires '' a new trial to resolve the question of whether the defendant is guilty or innocent of the crime charged.

The judgment of conviction of the defendant of robbery in the first degree should be reversed and vacated and a new trial directed on the law and in the interests of justice.

McNally, J. (dissenting). I dissent and vote to affirm the judgment of conviction.

The general rule is the Court of Appeals will not review a criminal case wherein the Appellate Division reverses and in the interest of justice directs a new trial. (*People* v. *Campbell,* 25 N Y 2d 784; *People* v. *Rossi,* 11 N Y 2d 787, 788; *People* v. *Mendola,* 2 N Y 2d 270, 274; *People* v. *Redmond,* 225 N. Y. 206, 208; Cohen and Karger, Powers of the Court of Appeals [Rev. ed.], p. 754.) However, I have grave doubts as to the propriety of the exercise of discretion, as a matter of law, in the case at bar where concededly there is no basis in the record for the exercise of such discretion and the court is required to speculate, assume and decide the issue in a vacuum as has been done by the majority.

The record, in my opinion, presents a clear question of fact relative to identification. Complainant's testimony establishes adequate opportunity, normal vision and good lighting in the lobby, as well as in the elevator. The complainant was very close to the defendant since the defendant rode up in the elevator with her and she was physically held by the defendant. The complainant soon after the occurrence gave the police a sub-

stantially accurate description of a person similar to the defendant. The defense of alibi and what amounts to a general denial on the part of the defendant present issues of credibility for the jury. The charge was lengthy including marshaling of the facts and repeated instructions to the jury as to the presumption of innocence despite the defendant's extensive criminal record, and his inability to earn a livelihood. Since 1956, the defendant had been convicted of possession of narcotics, possession of hypodermic needle, petit larceny, burglar tools, and policy. He had been addicted to narcotics for many years. His work record is nil. He, his wife and his family have been supported by welfare. There were no exceptions by the defendant and the requests for additional charges on the part of the defendant were granted. There is no amplification by the trial court with respect to its conclusion that the defendant, in its opinion, was innocent and no steps were taken by the trial court to either set aside the verdict or to direct an acquittal. There is nothing in the record or in the points made which suggests that any other material testimony is available to the prosecution or the defense. Hence, it would appear that a retrial will serve no useful purpose except to compel the prosecution to present the identical case before another jury and thus give the defendant the benefit of a second trial to which this record in my opinion shows he is not entitled.

The majority assumes that for reasons best known to the Trial Judge, the Trial Judge was of the impression that the identification testimony of Mrs. Quinones was not entirely reliable. There is no basis for such an assumption and the record is silent on this aspect.

The majority holds the record is unsatisfactory. I do not find it so. The identification presented a simple jury question. The public prosecutor, in my opinion, sustained the burden imposed on him by law and established to the jury's satisfaction the guilt of the defendant. I believe the judgment of conviction should be affirmed.

MARKEWICH, NUNEZ and MACKEN, JJ., concur with EAGER, J. P.; McNALLY, J., dissents in opinion.

Judgment reversed and vacated and a new trial directed on the law and in the interests of justice.