## State of Vermont v. George E. Ladabouche

[502 A.2d 852]

No. 84-128

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed September 6, 1985

*Kevin G. Bradley*, Chittenden County State's Attorney, and *Kathleen M. Moore*, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Nancy E. Kaufman*, Montpelier, and *Charles S. Martin*, Barre, for Defendant-Appellant.

**Allen, C.J.** The defendant appeals his conviction of the crime of murder in the first degree. We affirm.

During the trial and following the verdict, the defendant moved to dismiss the charges on the grounds that the State had relied upon perjured testimony, and asked for a new trial on the grounds that the verdict was against the weight of the evidence. The motions were denied.

## I.

The defendant's first contention is that the trial court abused its discretion in not granting a new trial where the chief prosecution witness allegedly committed perjury, and in refusing to hold an evidentiary hearing on the issue. The State argues that this issue was never properly before the trial court, and therefore may not be raised upon appeal. The defendant filed motions for judgment of acquittal and for a new trial. Neither of these motions raised the claim that the prosecutor knowingly used perjured tes-

timony, arguing instead that the evidence was insufficient under V.R.Cr.P. 29, and that the verdict was contrary to the weight of the evidence, under V.R.Cr.P. 33. These motions were denied, respectively, on December 30, 1983, and January 4, 1984.

On January 13, 1984, the defendant moved pro se to have the charges dismissed because of prosecutorial misconduct, specifically, the use of a witness's testimony knowing that it would be perjured. Although the State argued that this motion was untimely, the trial court considered it on the merits, denying it on February 6, 1984.

Upon appeal, the defendant argues that the trial court erred in denying a new trial due to use of perjured testimony. The record indicates that this issue was not timely raised as not brought before the trial court in the motion for a new trial. *State* v. *Kasper*, 137 Vt. 184, 208, 404 A.2d 85, 98 (1979). Normally, the failure timely to object would preclude review upon appeal. *State* v. *Mecier*, 145 Vt. 173, 177, 488 A.2d 737, 740-41 (1984). However, plain errors, so grave and serious as to strike at the very heart of a defendant's constitutional rights, or adversely affect the fair administration of justice, will be reviewed despite the absence of proper objection. *Id.* A conviction obtained through the use of false evidence, known to be such by the State, and either solicited by the State or allowed to go uncorrected, violates the Fourteenth Amendment of the United States Constitution. *Napue* v. *Illinois*, 360 U.S. 264, 269 (1959). If such an error occurred, it was plain error.

The testimony complained of was from a witness who was incarcerated at the time of the trial for a crime involving "checks." This witness had spent six and one-half of the preceding ten years in prison for crimes including forgery, embezzlement, breaking and entering, petty larceny, false token, false pretenses, and retail theft. He had received immunity from prosecution as an accessory to the victim's murder after the fact, but not from prosecution for participation in the murder itself.

His testimony contained damaging admissions by the defendant, and statements connecting the defendant with one of the murder weapons and placing the defendant at the scene of the murder following its commission but before its discovery.

The cross-examination of this witness disclosed a number of inconsistencies between his testimony at trial and his testimony at an earlier inquest and in two depositions in the case, and, indeed,

between his testimony on different days of the trial. He attributed some of these testimonial variances to "little misunderstandings" on his part, incorrect transcriptions of his earlier testimony, and in at least one instance a concession that his earlier testimony "could have been untrue."

At the conclusion of this witness's testimony the trial judge noted on the record, out of the presence of the jury, that he intended to forward copies of the trial, inquest and deposition testimony to the Attorney General for investigation and appropriate action.

■ The claim that a prosecutor has knowingly relied upon false testimony or has allowed it to go uncorrected when it appears must be distinguished from the use of a witness who has made prior inconsistent statements under oath, particularly where the defendant is aware of those statements:

> A prosecution witness who had testified differently in the past was introduced by the prosecution. It was not improper for the prosecution to offer this testimony. Presentation of a witness who recants or contradicts his prior testimony is not to be confused with eliciting perjury. It was for the jury to decide whether or not to credit the witness. There is no evidence that the prosecution knew or believed the trial testimony to be untrue; hence, the conviction was not obtained by the presentation of testimony known to be false.

*United States* v. *Holladay*, 566 F.2d 1018, 1019 (5th Cir.), *cert. denied*, 439 U.S. 831 (1978); see also *United States* v. *Hemmer*, 729 F.2d 10, 17 (1st Cir.) ("Simply because there existed inconsistencies between Lovasco's grand jury and trial testimony does not warrant the inference that the government knowingly introduced perjurious testimony."), *cert denied*, 467 U.S. 1218, 104 S. Ct. 2666 (1984); *State* v. *Kasper, supra* (inconsistent prior testimony did not establish that prosecutor knew of falsity); *State* v. *Searles*, 108 Vt. 236, 239, 184 A. 701, 702 (1936) (State has duty to produce all witnesses, "of whatever character" whose testimony will aid the jury, and the State is not to be prejudiced by the character of the witnesses it calls).

The State's chief witness was exhaustively cross-examined concerning his prior inconsistent statements under oath. His credibility was severely tested, yet, "[d]espite what it heard, the jury saw fit to convict." *United States* v. *Acosta*, 526 F.2d 670, 674 (5th

Cir.), *cert. denied*, 426 U.S. 920 (1976). The trial court did not err in refusing a new trial due to prosecutorial misconduct.

The defendant has not only failed to show a knowing use of perjured testimony, he has failed to show how he was prejudiced. The entire basis of the defendant's claim, the prior inconsistent testimony, was before the jury. Even had the State sought to conceal the inconsistent testimony, which it did not, the airing of the inconsistencies would have obviated any prejudice:

> The appellees have shown no reversible prejudice. On the contrary, they had the benefit of repeatedly catching the prosecution in highly embarrassing positions as to the credibility of its witness.

*United States* v. *Acosta, supra*; see also *In re Rebideau*, 141 Vt. 254, 257-59, 448 A.2d 144, 147 (1982) (State's failure to notify defendant of witness's inconsistent testimony at prior trial did not result in error where defense counsel broached issue of inconsistent stories upon cross-examination). Accordingly, the trial court did not err in denying a hearing on the extent of the prosecutor's knowledge.

## II.

The defendant's second contention upon appeal is that the trial court applied an incorrect standard in denying his motion for a new trial. The motion was made on the grounds that a new trial was "required in the interests of justice." V.R.Cr.P. 33. In denying the motion, the trial court refused to follow those cases holding that the court sits as a "thirteenth juror" in passing on such a motion, and thus grants the motion when not convinced of the defendant's guilt beyond a reasonable doubt. Rather, the trial court concluded that the proper standard is that such motions should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict."

The court may, on motion of the defendant, grant a new trial if required in the interests of justice. V.R.Cr.P. 33. Such a motion made on evidentiary grounds should be granted "only upon a conclusion by the trial court that, weighing all the evidence including the credibility of witnesses, the verdict is clearly against the weight of the evidence." See Reporter's Notes to V.R.Cr.P. 33. This language itself implies that the judge does not sit merely as a thirteenth juror, but applies a stricter standard.

A few courts have held that, on motion for a new trial, the court reviews the evidence, and if it merely disagrees with the verdict, it may grant the motion. *Veitch v. Superior Court*, 89 Cal. App. 3d 722, 730, 152 Cal. Rptr. 822, 827 (Cal. Ct. App.) (the court may judge the credibility of the witnesses, resolve conflicts in the testimony, weigh the evidence independently, and draw factual inferences opposed to those drawn by the jury), *cert. denied*, 444 U.S. 940 (1979); *People v. Ramos*, 33 A.D.2d 344, 347, 308 N.Y.S.2d 195, 198 (1970) (where the trial court conscientiously concludes that the weight of the evidence does not support a verdict of guilt beyond a reasonable doubt, the court should set aside the verdict and order a new trial).

Even courts which have referred to the trial court's function as that of the "thirteenth juror" have gone on to require more than a reasonable doubt of guilt in the opinion of the trial court. *United States v. Phifer*, 400 F. Supp. 719, 722 (E.D. Pa. 1975) (remedy is to be used sparingly and only in exceptional circumstances); *United States v. Morris*, 308 F. Supp. 1348, 1350 (E.D. Pa. 1970). This apparent contradiction was noted in 3 C. Wright, Federal Practice & Procedure § 553, at 247-48 (1982):

> It has been said that on such a motion the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.

More recent cases do not mention the "thirteenth juror" concept. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985) ("When the evidence weighs so heavily against the verdict that it would be unjust to enter judgment, the court should grant a new trial."); *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984) (" 'only in exceptional circumstances in which the evidence preponderates heavily against the verdict' "); *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980) (where "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred"); *United States v. Indelicato*, 611 F.2d 376, 387 (1st Cir. 1979) ("only where there would be a 'miscarriage of justice . . . and where "the evidence preponderates heavily against the verdict" ' ").

■ The trial court here applied the correct standard. The "thirteenth juror" standard proposed by the defendant would permit the trial court to order a retrial whenever it disagreed with the outcome. Such a rule would seriously intrude upon the jury's function. "There can be no question in this state but that in a criminal case the jury, under proper guidance and direction of the court, makes the ultimate decision on the issues of fact presented to it." *State* v. *Morrill*, 127 Vt. 506, 512, 253 A.2d 142, 146 (1969) (citing *State* v. *Brown*, 122 Vt. 59, 62, 163 A.2d 845, 847-48 (1960)). Accordingly, we hold that a new trial based upon the weight of the evidence should be granted only where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result. The trial court did not abuse its discretion in refusing a new trial on the grounds of sufficiency of the evidence.

The defendant also claims that the trial court's reference in its opinion on this issue to the analysis of evidence in its earlier opinion denying a motion for judgment of acquittal pursuant to V.R.Cr.P. 29 indicates that the Rule 29 standards were used in passing on the Rule 33 motion. However, the trial court clearly recognized, and stated, that a Rule 29 motion requires that the evidence be taken in the light most favorable to the State, excluding the effect of modifying evidence, whereas on a Rule 33 motion the trial court may weigh the evidence and consider the credibility of the witnesses. The court did not err in incorporating by reference its analysis of the evidence contained in an earlier opinion.

*Affirmed.*