# State of Vermont v. Kevin Jewell

[552 A.2d 790]

No. 86-543

Present: Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed August 19, 1988

*Shelley A. Hill, Windsor County State's Attorney,* and *Brian A. LeClair, Law Clerk (On the Brief)*, White River Junction, for Plaintiff-Appellee.

*William J. Donahue*, White River Junction, for Defendant-Appellant.

**Peck, J.** Defendant, Kevin E. Jewell, appeals a decision of the district court convicting him of one count of lewd conduct with a minor in violation of 13 V.S.A. § 2602. We affirm.

On appeal, defendant claims (1) that the trial court erred in its treatment of his motion to exclude testimony with regard to other sexual acts committed by defendant on the victim; (2) that the trial court erred by excluding certain expert testimony; (3) that the trial court erred by excluding general character testimony that defendant has always been a peaceful, law abiding citizen; (4) that the verdict was against the weight of the evidence; and (5) that the trial court erred by denying defendant's motion for a new trial on the basis of newly discovered evidence. We consider these claims in the order listed.

## I.

Defendant first argues that the trial court incorrectly permitted the State to introduce evidence that he had committed other uncharged sexual acts with the victim over a two year period although such evidence is inadmissable under V.R.E. 404.

In conformance with V.R.E. 404(b) and V.R.Cr.P 26(c), the State filed a notice of intent to inform defendant that it planned to use at trial evidence of other sexual acts committed by defendant on the victim. In response, defendant filed a motion to exclude this testimony, which the court considered. In a notice of decision and order on August 29, 1986, the trial court denied defendant's motion.

In response to the prosecutor's questions at trial, the victim testified that defendant began touching her sexually one year after she moved in with him and that it continued for two years. At no time did defense counsel object to the admission of this evidence which he had earlier sought to suppress.

Failure to object to the admission of evidence at trial that was earlier the subject of a motion to exclude will constitute a waiver where a different judge presided at trial than decided the motion. See *State* v. *Senecal*, 145 Vt. 554, 558, 497 A.2d 349, 351 (1985). In this case, the trial judge was not the judge that had presided over the pretrial motions hearing, so that the trial judge never had an opportunity to consider defendant's objection to the evidence. "Particularly since pretrial rulings are tentative and subject to revision, *State* v. *Baldwin*, 140 Vt. 501, 514, 438 A.2d

1135, 1142 (1981), it cannot be said that objection at trial 'would [have been] a useless performance,' or 'would [not have served] to further apprise the court or the State of respondent's claim . . . .'" *Id.* at 558, 497 A.2d at 351 (quoting *State v. Connolly*, 133 Vt. 565, 569, 350 A.2d 364, 367 (1975)). Since no objection was made at trial, and the error does not appear to rise to the level of plain error, we will not now consider defendant's objection to the admission of this testimony. *State* v. *Hoadley*, 147 Vt. 49, 53, 512 A.2d 879, 881 (1986); *State* v. *Chambers*, 144 Vt. 234, 242, 477 A.2d 110, 114 (1984).

## II.

Defendant's second argument on appeal is that the trial court erred by prohibiting expert testimony of Dr. Sanders, a licensed psychologist, as to his opinion of defendant's good character. He contends that because V.R.E. 405 does not specify whether opinion evidence is admissible to prove defendant's character, this evidence should be allowed.

V.R.E. 405, however, specifically provides that testimony as to reputation, and in some circumstances specific instances of conduct, are the methods by which the character of an accused may be established. It is true that the Federal and Uniform Rules of Evidence allow proof of character by opinion; however, "the majority of American jurisdictions, Vermont included, have held to the rule that only community reputation may be admitted and that the personal knowledge and belief of a witness as to the defendant's relevant character traits is rigorously excluded." *State* v. *Sturgeon*, 140 Vt. 240, 245, 436 A.2d 777, 780 (1981). Accordingly, defendant's claim of error must fail.

## III.

Prior to trial, the prosecution filed a motion in limine requesting that the court limit the defense's character testimony to evidence of defendant's sexual maturity or sexual nonaggressiveness. Defendant, on appeal, contends that the trial court improperly granted this motion and wrongfully excluded general character testimony that he has always been a peaceful, law abiding citizen. The State argues that, although defendant may always provide evidence of his good character, it must relate strictly to a particu-

lar character trait relevant to the crime charged. V.R.E. 404. See *State* v. *Hedding*, 114 Vt. 212, 214-15, 42 A.2d 438, 440 (1945).

We do not reach this issue, however, because defendant has failed to preserve it for our review. There is no indication that he objected to the motion in limine below. He filed no motion in opposition, and failed to provide a transcript of the motion hearing.

> It is the burden of the party challenging a ruling to furnish the reviewing court a transcript of the proceedings involved. The purpose is to prevent injustice being worked against the party prevailing below on the ruling in question. To omit to incorporate into the record on appeal the transcript of applicable testimony and proceedings without authorization is to forfeit review of questions requiring reference to the transcript.

*Appliance Acceptance Co.* v. *Stevens*, 121 Vt. 484, 488, 160 A.2d 888, 891 (1960).

■ Since there is no indication that defendant raised this objection below, and since the alleged error is not "so grave as to strike at the very heart of the defendant's constitutional rights," we will not consider this claim on review. *State* v. *Levesque*, 132 Vt. 585, 589, 326 A.2d 174, 177 (1974); see *Hoadley*, 147 Vt. at 53, 512 A.2d at 881.

## IV.

Defendant next contends that the trial court should have granted his motion for a new trial because the verdict was against the weight of the evidence. A motion for a new trial under V.R.Cr.P. 33 is a matter solely within the discretion of the trial court. Thus, "a claim of error can be supported only with a showing that the court's discretion was either totally withheld or exercised on grounds clearly untenable or unreasonable." *State* v. *Potter*, 148 Vt. 53, 57, 529 A.2d 163, 166 (1987).

■ A motion for a new trial "made on evidentiary grounds should be granted 'only upon a conclusion by the trial court that, weighing all the evidence including the credibility of witnesses, the verdict is clearly against the weight of the evidence.'" *State* v. *Ladabouche*, 146 Vt. 279, 283, 502 A.2d 852, 856 (1985) (quoting Reporter's Notes to V.R.Cr.P. 33). In this case, the evidence does not "preponderate[] heavily against the verdict," and conse-

quently, the trial court did not abuse its discretion in refusing to grant a new trail on the grounds of insufficiency of evidence. See *id.* at 285, 502 A.2d at 856.

## V.

■ Finally, defendant argues that the trial court abused its discretion when it refused to grant a new trial on the basis of newly discovered evidence. The motion was made shortly after trial, when a cousin of the victim provided defendant with an affidavit which stated, in part, that she asked the victim "if it was true about what [defendant] did, she said no." After a hearing, the trial court denied the motion.

In order to provide a basis for obtaining a new trial, the newly discovered evidence (1) "must be material and have been discovered since the trial, (2) it must be truly new and not merely undiscovered because of lack of diligence, (3) it must be of such character that it will give reasonable assurance that it will work a different result upon a retrial, and (4) it must not be merely cumulative or only of impeaching effect." *State* v. *Mecier*, 145 Vt. 173, 181, 488 A.2d 737, 742 (1984).

The record indicates that the trial court denied the motion, in part, because the evidence went to the credibility of the victim, and as such, was cumulative to other evidence presented in the case. *Id.* Moreover, the court concluded that because defendant admitted certain conduct in his discussion with the police investigator and under oath at trial sufficient to uphold his conviction, the newly discovered evidence, even if presented, would probably not change the result. Upon review of the record we agree and hold that the trial court did not abuse or withhold its discretion, or exercise it on untenable grounds by denying defendant's motion for retrial.

*Affirmed.*