**George Ladabouche v. James Walton, Jr., Commissioner of the Vermont Department of Corrections**

[565 A.2d 1324]

No. 88-090

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed July 28, 1989

*Zuccaro, Willis & Bent,* St. Johnsbury, for Plaintiff-Appellant.

*William Sorrell,* Chittenden County State's Attorney, and *John Churchill,* Deputy State's Attorney, Burlington, and

*Robert W. Katims*, Law Clerk, Department of State's Attorneys, Montpelier, for Defendant-Appellee.

**Gibson, J.** Petitioner appeals from the superior court's denial of his petitions for post-conviction relief and for a writ of habeas corpus. We affirm.

Petitioner was convicted of first-degree murder on November 4, 1983, following a jury trial. He appealed to this Court, and we affirmed. *State v. Ladabouche*, 146 Vt. 279, 502 A.2d 852 (1985) (*"Ladabouche I"*). A significant portion of the State's case consisted of the testimony of John Savo, Sr., an alleged accomplice in the crime, who had received immunity from the State on an accessory charge in exchange for his testimony, which immunity agreement was disclosed to the jury. Following Savo's direct testimony, petitioner's counsel cross-examined him for two days, noting what he regarded as numerous discrepancies in the testimony. At its completion, the trial judge expressed concern about the truthfulness of Savo's testimony and stated on the record, but with the jury absent, that he was ordering a transcript of the testimony, together with Savo's inquest and deposition testimony, forwarded to the Vermont Attorney General's Office for "appropriate investigation and action." Petitioner moved for a judgment of acquittal at the close of the State's case and also moved under V.R.E. 601(b)(2) to strike the testimony of Savo as a person incapable of understanding the duty of a witness to tell the truth. Both defense motions were denied.

Following the guilty verdict, petitioner renewed his motions to strike the Savo testimony and for acquittal, and moved in the alternative for a new trial. Upon denial of these motions, petitioner undertook an appeal to this Court (*Ladabouche I*), raising the issues of whether "the trial court abused its discretion in not granting a new trial where the chief prosecution witness allegedly committed perjury, and in refusing to hold an evidentiary hearing on the issue," 146 Vt. at 280, 502 A.2d at 854, and whether "the trial court applied an incorrect standard in denying his motion for a new trial." *Id.* at 283, 502 A.2d at 855.

Though petitioner appeared to have waived the claim of prosecutorial misconduct in his new trial motion, we nevertheless considered that argument, observing:

> A conviction obtained through the use of false evidence, known to be such by the State, and either solicited by the State or allowed to go uncorrected, violates the Fourteenth Amendment of the United States Constitution. If such an error occurred, it was plain error.

*Id.* at 281, 502 A.2d at 854 (citation omitted). It should be noted, however, that a ground which petitioner did raise in his motion for a new trial, the denial of his motion to strike under V.R.E. 601(b)(2), was not raised on appeal. We affirmed petitioner's conviction, and the heart of our rationale in *Ladabouche I* is pertinent to the present petition for post-conviction relief:

> The State's chief witness [Savo] was exhaustively cross-examined concerning his prior inconsistent statements under oath. His credibility was severely tested, yet, "[d]espite what it heard, the jury saw fit to convict." The trial court did not err in refusing a new trial due to prosecutorial misconduct.
>
> The defendant has not only failed to show a knowing use of perjured testimony, he has failed to show how he was prejudiced. The entire basis of the defendant's claim, the prior inconsistent testimony, was before the jury. Even had the State sought to conceal the inconsistent testimony, which it did not, the airing of the inconsistencies would have obviated any prejudice ....

146 Vt. at 282–83, 502 A.2d at 855 (citation omitted). Our emphasis in *Ladabouche I* on the jury's awareness of Savo's inconsistent statements was underscored by our reliance on *United States v. Acosta*, 526 F.2d 670, 674 (5th Cir.), *cert. denied*, 426 U.S. 920 (1976), where the court stated:

> The appellees have shown no reversible prejudice. On the contrary, they had the benefit of repeatedly catching the prosecution in highly embarrassing positions as to the credibility of its witness.

See 146 Vt. at 283, 502 A.2d at 855.

We filed our decision in *Ladabouche I* on September 6, 1985. On October 31, 1985, the Office of the Attorney General advised the trial judge that upon investigation there was no probable cause to prosecute witness Savo for perjury. On April

23, 1986, petitioner brought his petition for a writ of habeas corpus, and on or about March 25, 1987, he filed a petition for post-conviction relief and for habeas corpus, raising as grounds the denial of the motion to strike under V.R.E. 601(b)(2) and the prejudicial delay by the Attorney General in the investigation of Savo's testimony at the behest of the trial judge. The superior court denied the petitions, ruling that the V.R.E. 601(b)(2) question had not been raised in the direct appeal and hence was waived, and that petitioner both lacked standing to raise the delay issue and failed to show prejudice. The superior court nevertheless went on to consider the merits of the motion-to-strike issue and found that petitioner had not sustained his burden of showing an abuse of discretion on the part of the trial court. The present appeal followed, petitioner contending herein that the court erred in its rulings relating to V.R.E. 601(b)(2).

We recently reiterated the ground rules for consideration of issues that might have been raised by direct appeal:

> Post-conviction review is not a substitute for appeal. Where the issues raised in a petition for post-conviction relief were contested at trial and were not raised on direct appeal, they will not be addressed on post-conviction review unless it is demonstrated that the failure to raise them on direct appeal was inadvertent, that appellate counsel was ineffective, or that extraordinary circumstances excused the failure to raise the issues on appeal.

*In re Nash*, 149 Vt. 63, 64, 539 A.2d 989, 990 (1987) (citation omitted). Petitioner qualifies under none of the exceptions to the general rule that grounds not urged on appeal are deemed waived.

In his post-conviction motions, petitioner brings before this Court for the first time the trial court's alleged error in denying his motion to strike the Savo testimony under V.R.E. 601(b)(2). The present motions reveal neither inadvertence nor ineffectiveness by counsel in the representation of petitioner in *Ladabouche I*, nor extraordinary circumstances that would excuse the failure to raise the issue on appeal. Counsel's main effort in *Ladabouche I* was to convey how egregious the Savo testimony was, and he accomplished this goal, albeit framed in terms of prosecutorial misconduct in using perjured

testimony, rather than by arguing the motion to strike under V.R.E. 601(b)(2).* The arguments are not equivalent in all contexts, but in reviewing inadvertence and ineffectiveness of counsel, the present record reveals neither inadvertence nor neglect, but, on the contrary, assiduous efforts by counsel, from the moment of cross-examination of Savo at the merits trial to the present appeal, to attack the Savo testimony with diligence and persistence.

While the superior court need not have entertained reconsideration of the V.R.E. 601(b)(2) argument in light of the clear waiver and the equally clear inapplicability of the *Nash* exceptions, we note that it elected to do so, ruling that petitioner had not shown that the trial court abused its discretion in refusing to strike the Savo testimony. As we have indicated, the cross-examination of Savo was extensive, and it accomplished what counsel set out to do: expose the inconsistencies in Savo's testimony. The trial court refused to grant a new trial, based largely on the jury's awareness of the inconsistencies in the Savo testimony, and while the direct appeal did not specifically speak of the failure to strike Savo's testimony, there was more than adequate reference to defendant's claim that the testimony was perjured and prejudicial in the arguments he did make. In light of the thorough treatment of that point in the direct appeal and our holding in *Ladabouche I*, the superior court was correct both in its conclusion that the V.R.E. 601(b)(2) issue was waived and in its ruling that the motion was properly decided in any case.

*Affirmed.*

---

* The essence of petitioner's position in *Ladabouche I* was that the prosecution knowingly used perjured testimony, which use would have violated his Fourteenth Amendment due process rights. *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Having failed to prevail on this argument in *Ladabouche I*, petitioner argues in support of post-conviction relief that the trial court should have made a determination of testimonial incapacity, based on the witness's inability to understand his obligation to tell the truth. If petitioner was unable in *Ladabouche I* to demonstrate that the prosecution knowingly allowed an untruthful witness to testify, he offers little reason in this appeal to support his contention, in effect, that the trial judge, who was necessarily less familiar with the witness than the prosecutor, should have sensed what the prosecutor had missed.