## STATE of Vermont v. Scott A. MARTIN

[751 A.2d 769]

No. 99-016

February 22, 2000. Defendant Scott Martin appeals the district court's denial of his motion for acquittal or a new trial. A jury convicted defendant of abusing his son, J.M., in violation of 13 V.S.A. § 1042. He argues that (1) the evidence is insufficient to support his conviction and (2) the court erred in instructing the jury on the defense of lawful corporal punishment. We affirm.

Defendant shares custody of his two children, J.M. and C.M., with their mother. On June 30, 1998, mother delivered the children to defendant for a two-week visit. Defendant resides with Christine Jacobs. She testified that, on July 9, while defendant was not at home, J.M., who was three years old at the time, fell off a desk and struck his buttocks first on a chair and then on the floor. At some later point, defendant disciplined J.M. by spanking him.

On July 11, defendant returned the children to their mother; whereupon, she noticed bruising on J.M.'s buttocks. The bruising extended from his lower back to his upper buttocks. She eventually took him to an emergency room, where photographs of J.M.'s buttocks were taken.

After an investigation, the State charged defendant with wilful domestic assault in violation of 13 V.S.A. § 1042, later amended to reckless domestic as-

sault. Domestic assault is defined as "attempt[ing] to cause or wilfully or recklessly caus[ing] bodily injury to a family or household member, or wilfully caus[ing] a family or household member to fear imminent serious bodily injury." 13 V.S.A. § 1042. A jury convicted defendant.

Defendant claims that he is entitled to acquittal because the evidence was insufficient to sustain a domestic assault conviction. In reviewing a denial of a motion for acquittal, this Court "determine[s] whether the evidence presented by the State, taken in the light most favorable to the prosecution and excluding any modifying evidence, sufficiently and fairly supports a finding of guilt beyond a reasonable doubt." *State v. Durenleau*, 163 Vt. 8, 10, 652 A.2d 981, 982 (1994). Evidence that leaves a determination of guilt dependent upon conjecture is insufficient. See *id.* In the alternative, "a new trial based upon the weight of the evidence should be granted only where the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *State v. Ladabouche*, 146 Vt. 279, 285, 502 A.2d 852, 856 (1985).

The State presented evidence upon which a jury could find defendant guilty of assaulting J.M. Defendant and Ms. Jacobs had exclusive custody of J.M. Defendant admitted to spanking him. The treating nurse opined that the bruising was at least a day old by the time she examined J.M. and was not wholly consistent with bruising caused by a fall or by hitting a chair. Finally, the photographs showing the bruising on J.M.'s lower back and upper buttocks corroborated the testimony supporting the State's case. We find that the evidence is more than sufficient to support defendant's conviction and does not preponderate heavily against the verdict. Therefore, the court properly denied defendant's motion for acquittal or a new trial.

Defendant also claims that the court erred in instructing the jury. He argues that the court's instructions omitted the element of specific intent to harm necessary to distinguish lawful corporal punishment from assault. We disagree.

Defendant proposed the following jury instruction relevant to his defense of corporal punishment: "Corporal punishment is unlawful when it is excessive. Corporal punishment is excessive when a parent acts cruelly or mercilessly and with a malicious intent or when it is designed to create a substantial risk of death, serious bodily injury, or extreme pain." Defendant requested that the court adopt this language during the jury charge conference, referring to the passage as "the clearly excessive language." The following was the court's actual instruction on corporal punishment:

> [T]he law recognizes that a parent does not commit an assault by inflicting corporal punishment on a child within the parent's custody or parental control providing the parent remains within the following legal limits of exercise of that authority. Under the law, the parent has a right to inflict corporal punishment on a child subject to his disciplinary control provided the punishment is motivated by a corrective purpose and not by anger, that it is not inflicted upon frivolous pretenses, that it is not excessive or otherwise unreasonably inflicted, or that it is not cruel or merciless.

After delivery, defendant objected to the court's "failure to include the clearly excessive language . . . in the corporal punishment instruction." Defendant contends that the instruction allowed for conviction on a civil negligence theory of unreasonableness by removing the element of intent to harm.

Even if we assume that § 1042 implicitly contains the defense of corporal punishment and requires an intent to harm,

we find no error. This Court acknowledged long ago that, because of "the natural relation of parent and child," a "parent, unquestionably, is answerable only for malice or wicked motives or an evil heart in punishing his child." *Lander v. Seaver*, 32 Vt. 114, 122 (1859). More recently, we recognized that there are limits to lawful corporal punishment: "Teaching children 'universal survival skills' by kicking them with steel-toed boots hard enough to cause pain and bruising is not reasonable corporal punishment. . . ." *In re F.P.*, 164 Vt. 117, 124, 665 A.2d 597, 602 (1995) (citing *In re W.G.*, 349 N.W.2d 487, 489-91 (Iowa 1984) (father's claim that he used corporal punishment as means of correcting children's behavior was sham where children were beaten for reasons related more to father's passions than to children's upbringing)).

The court's instruction conveyed to the jury the implicit intent to harm that separates lawful parental discipline from unlawful corporal punishment. Punishment that is "motivated by a corrective purpose and not by anger" is necessarily fueled by an intent other than to harm or is aimed at instructive upbringing rather than venting passion. Likewise, if discipline is "inflicted upon frivolous pretenses," it is the product of a motive other than that which seeks to correct behavior. These instructions "taken as a whole breathe[d] the true spirit of the law," *State v. Dann*, 167 Vt. 119, 132, 702 A.2d 105, 113 (1997), under which the trier of fact must make that fine and often murky distinction between lawful discipline and abuse. Accordingly, there was no error.

*Affirmed.*