# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
January 7, 2003 Session

## STATE OF TENNESSEE v. ANDERSON TOLIVER

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Hamilton County**
**Nos. 223083 and 223085     Stephen M. Bevil, Judge**

---

**No. E2001-00584-SC-R11-CD - Filed October 2, 2003**

---

ADOLPHO A. BIRCH, JR., J., concurring.

Although I concur in the analysis and holding of the majority, I write to address an issue of concern: whether in today's society a parent's right to corporally chastise a refractory child survives, and, if so, how does one reconcile that right with the child abuse statutes as currently written and interpreted. It is my intention by this concurring opinion to raise the level of discussion and to provide, perhaps, a measure of guidance for the trial court on remand.

As far back as 1840, parents have had the right to inflict corporal punishment upon disobedient children. See Johnson v. State, 21 Tenn. (2 Hum.) 283 (1840). In Johnson, the Court recognized that right when it stated:

> In chastising a child, the parent must be careful that he does not exceed the bounds of moderation and inflict cruel and merciless punishment; if he do[es], he is a trespasser, and liable to be punished by indictment. It is not, then, the infliction of punishment, but the excess, which constitutes the offence, and what this excess shall be is not a conclusion of law, but a question of fact for the determination of the jury.

Id. at 283. Based upon this right and an improper jury instruction, the Johnson court reversed the conviction and granted the defendant a new trial.

Indeed, "[a]ny teacher or school principal may use corporal punishment in a reasonable manner against any pupil for good cause in order to maintain discipline and order within the public schools." Tenn. Code Ann. § 49-6-4103 (2002). Therefore, it would seem to follow that a parent also has the right to use corporal punishment in a reasonable manner. In fact, our Court noted that "[t]he schoolmaster's authority is sanctioned it seems, practically, and judicially, on the same ground as the right of a parent to chastise his child." Marlar v. Bill, 178 S.W.2d 634, 635 (Tenn. 1944).

In addition, the Court of Appeals, in an unpublished opinion,[1] appeared to implicitly approve the use of corporal punishment in Rial v. Rial, No. M2002-01750-COA-R3-CV, 2003 WL 21805303, at *4 (Tenn. Ct. App. 2003). In that case, the appellate court "remind[ed] the parties that corporal punishment is not without limit." Id.

Modern child abuse statutes, obviously written to address sexual or physical abuse, apparently fail to expressly recognize the parent's right to reasonably corporally punish a child. The jury instructions in the case under submission do not acknowledge that there is an area of corporal discipline that may not constitute child abuse. It is the task of the properly instructed jury to determine whether a given defendant's actions go beyond reasonable corporal punishment. Therefore, it becomes a matter of degree only.

In my view, a parent has a right to corporally punish a child and such conduct becomes criminal only when the physical portion of that punishment becomes unreasonable. This principle has been accepted by the courts of other states. See Radford v. State, 828 So. 2d 1012, 1020 (Fla. 2002); Marshall v. State, 583 S.E.2d 884, 888 (Ga. 2003); Hildreth v. Iowa Dep't of Human Serv., 550 N.W.2d 157, 159 (Iowa 1996); Fisher v. State, 786 A.2d 706, 737-38 (Md. 2001); Fabian v. State, 201 A.2d 511, 518 (Md. 1964); Carpenter v. Commonwealth, 44 S.E.2d 419, 423 (Va. 1947); State v. Spiegel, 270 P. 1064, 1064-65 (Wyo. 1928); People v. Whitehurst, 9 Cal. App. 4th 1045, 1050-51 (Cal. Ct. App.1992); In re J.P., 692 N.E.2d 338, 345 (Ill. Ct. App. 1998);

Regarding jury instructions on corporal punishment, a California appeals court held that a trial court "erred in not instructing on the scope of a parent's right to discipline by corporal punishment and the jury's duty to objectively evaluate defendant's conduct to determine whether the punishment was justified." Whitehurst, 9 Cal. App. 4th at 1051. In a case of domestic violence involving the defendant's son, the Supreme Court of Vermont held that the trial court properly instructed the jury as follows:

> [T]he law recognizes that a parent does not commit an assault by inflicting corporal punishment on a child within the parent's custody or parental control providing the parent remains within the following legal limits of exercise of that authority. Under the law, the parent has a right to inflict corporal punishment on a child subject to his disciplinary control provided the punishment is motivated by a corrective purpose and not by anger, that it is not inflicted upon frivolous pretenses, that it is not excessive or otherwise unreasonably inflicted, or that it is not cruel or merciless.

State v. Martin, 751 A.2d 769, 771 (Vt. 2000).

The fact that reasonable corporal punishment is not an offense should be reflected in the instructions to the jury. For guidance, I suggest the use of the following language from California

---

[1] Although not controlling, unpublished cases may be cited as persuasive authority. See Tenn. Sup. Ct. R. 4(H)(1) (2003).

-2-

jury instructions:

It is lawful for a parent reasonably to discipline a child, and in doing so to administer reasonable punishment, including the infliction of reasonable corporal punishment.

However, it is unlawful for a parent to inflict unjustifiable punishment upon a child. Corporal punishment is not justified and is therefore unlawful if the punishment was not reasonably necessary, or was excessive, under the circumstances.

1 California Jury Instructions -- Crim. § 4.80 (7th ed. 2003).

In the case under submission, I have no quibble with the jury's conclusion that the defendant's conduct transcended the bounds of reasonable discipline. The jury, however, must be instructed (when applicable) concerning the right of a parent to punish and to control the child, and this right includes the right to inflict reasonable corporal punishment. This assumes, of course, that the right still exists. If the right to use corporal punishment no longer exists in Tennessee, then Johnson must be overruled. On the other hand, if the right exists, parents should be so informed, and in an unequivocal manner. This would prevent, in my view, exposing the parent to potential criminal liability for inflicting reasonable corporal punishment. Having expressed these concerns, I concur in the result reached by the majority.

_____
ADOLPHO A. BIRCH, JR., JUSTICE