Lonnie D. **TAYLOR**, Appellant,

v.

**STATE of Alaska**, Appellee.

No. A–10244.

Court of Appeals of Alaska.

Sept. 16, 2011.

**13.** *Nielsen v. State,* 623 P.2d 304, 307 (Alaska 1981).

David D. Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Terisia K. Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

Lonnie D. Taylor appeals his conviction for second-degree theft (theft of property valued at $500 or more).[1] In our previous decision in this case, *Taylor v. State*, Alaska App. Memorandum Opinion No. 5643 (September 22, 2010), 2010 WL 3719523, we concluded that the evidence presented at Taylor's trial was legally sufficient to support a finding that the stolen property (a specialty bicycle) was worth at least $500. However, we remanded Taylor's case to the superior court for reconsideration of Taylor's claim that, even though the evidence was minimally sufficient to prove that the bicycle was worth $500 or more, the evidence favoring the State on this point was so questionable or weak that the jury's verdict was against the weight of the evidence, and that the superior court therefore should have granted Taylor a new trial under Alaska Criminal Rule 33. *Id.* at *1–2.

Pursuant to our directive, Superior Court Judge William B. Carey conducted a thorough review of the evidence at Taylor's trial. Judge Carey concluded that if he, himself, had been a juror at Taylor's trial, he would have had a reasonable doubt as to whether the bicycle was worth $500, and (based on

this doubt) he would have voted to acquit Taylor.

However, Judge Carey also found that this matter was reasonably debatable, and that reasonable jurors could reach a different conclusion on this issue. The judge declared that he "[did] not find that the evidence [of Taylor's guilt] was so slight and unconvincing that the [jurors' guilty] verdict can be [called] repugnant, unreasonable[,] or unjust."

In other words, Judge Carey found that the jurors at Taylor's trial could reasonably conclude that the State had proved its case against Taylor beyond a reasonable doubt. The judge explained: "[The evidence] may not have been enough to convince [me] that the bike had a value of $500.00, but ... I cannot find that the verdict ... was plainly unjust or unreasonable based on the nature of the evidence presented." For this reason, Judge Carey concluded that he should not grant Taylor a new trial under Criminal Rule 33.

In this renewed appeal, Taylor argues that Judge Carey misunderstood the test for granting a new trial in this type of situation. Taylor notes that when a judge decides whether the verdict in a criminal case is against the weight of the evidence for purposes of Criminal Rule 33, the judge sits as a "thirteenth juror".[2] The judge does not defer to the jury's assessments of witness credibility or the weight of the evidence; rather, the judge must reach their own independent assessment of the evidence.[3]

Based on these principles, Taylor argues that Judge Carey was obliged to grant Taylor a new trial once the judge concluded that he, personally, had a reasonable doubt as to whether the State had proved that the bicycle was worth at least $500.

But even though a judge sits as a "thirteenth juror" in the sense that the judge is required to independently assess the weight of the evidence and the credibility of the

1. AS 11.46.130(a)(1).

2. *Dorman v. State*, 622 P.2d 448, 454 (Alaska 1981).

3. *Kava v. American Honda Motor Company, Inc.*, 48 P.3d 1170, 1177 (Alaska 2002); *New v. State*, 714 P.2d 378, 381–82 (Alaska App.1986); *Maloney v. State*, 667 P.2d 1258, 1267–68 (Alaska App.1983).

witnesses without deference to the jury's view of these matters, Criminal Rule 33 does not vest judges with a veto power over every verdict that they personally disagree with. The judge should not grant a new trial under Rule 33 merely because the judge concludes that he or she would have reached a different verdict from the one the jurors rendered. Rather, as the Alaska Supreme Court declared in *Dorman v. State,*

> [A judge's authority to grant a new trial under Criminal Rule 33] should be exercised with caution, and ... should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.

622 P.2d 448, 454 (Alaska 1981) (quoting Charles Wright, *Federal Practice and Procedure* (Criminal) (1969), § 553, Vol. 2, p. 487).

Thus, the fact that the judge personally disagrees with the verdict does not, by itself, warrant the judge in ordering a new trial. As this Court explained in *Howell v. State,* 917 P.2d 1202, 1212 (Alaska App.1996), a judge should vacate a jury's verdict and grant a new trial under Criminal Rule 33 only when the evidence supporting that verdict "[is] so slight and unconvincing as to make the verdict plainly unreasonable and unjust". Beyond the fact of personal disagreement with the jury's decision, the judge must further conclude that the evidence is so one-sided that the jury's contrary view of the case is "plainly unreasonable and unjust".

*Accord:* *United States v. Ferguson,* 246 F.3d 129, 133–34 (2nd Cir.2001); *United States v. Sanchez,* 969 F.2d 1409, 1413–14 (2nd Cir.1992); *State v. Spinale,* 156 N.H. 456, 937 A.2d 938, 946–47 (2007); *State v. Baird,* 180 Vt. 243, 908 A.2d 475, 482 (2006); *State v. Ladabouche,* 146 Vt. 279, 502 A.2d 852, 856 (1985).

See, in particular, the discussion of this point of law in *In re Petition for Writ of Prohibition,* 312 Md. 280, 539 A.2d 664, 683–87 (1988).[4] After an extensive review of the case law and the legal commentary on this matter, the Maryland court concluded:

> We hold that [a trial judge has the] authority to weigh the evidence and to consider the credibility of witnesses when [the judge decides a] motion for new trial.... [But we] do not embrace the thirteenth juror rule *eo nomine* [*i.e.,* by that name], for ... the very name of that rule may tend to produce confusion.... [A] trial judge is not at liberty to set aside a verdict of guilt and to grant a new trial merely because the judge would have reached a result different from that of the jury's. Motions for new trial on the ground [that the verdict is against the] weight of the evidence are not favored and should be granted only in exceptional cases, when the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to let the verdict stand.

*In re Petition for Writ of Prohibition,* 539 A.2d at 686–87.

Judge Carey's written decision shows that he understood and correctly applied these principles. Although he personally would not have reached the same decision as the jurors who heard Taylor's case, he acknowledged that the evidence reasonably supported the jurors' decision, and he concluded that their verdict was not plainly unreasonable and unjust.

Accordingly, Judge Carey correctly denied Taylor's motion for a new trial. The judgement of the superior court is AFFIRMED.

---

4. Disapproved on other grounds in *State v.*   *Manck,* 385 Md. 581, 870 A.2d 196 (2005).