Brett R. WHITE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10902.

Court of Appeals of Alaska.

April 5, 2013.

---

Lars Johnson, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

James Scott, Assistant District Attorney, Ketchikan, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: MANNHEIMER, Chief Judge, and BOLGER and ALLARD, Judges.

*OPINION*

MANNHEIMER, Judge.

A jury found Brett R. White guilty of fourth-degree assault. After the jury returned this verdict, White asked the district court to order a new trial under Alaska Criminal Rule 33(a), on the ground that the verdict was against the weight of the evidence. The district court denied this motion, but the court's written decision suggests that the court may have employed the wrong legal test when deciding this issue.

As this Court explained in *Taylor v. State*, 262 P.3d 232 (Alaska App.2011), when a trial judge is asked to grant a new trial on the ground that the jury's verdict is against the weight of the evidence, the trial judge must assess the weight of the evidence and the credibility of the witnesses without deference to the jury's view of these matters. *Id.* at 233–34. If the judge reaches the same conclusion as the jury after performing this assessment, then of course the judge should deny the motion for a new trial. But even when the judge personally disagrees with the jury's verdict, this does not, by itself, warrant the judge in ordering a new trial. Rather, "a judge should vacate a jury's verdict and grant a new trial under Criminal Rule 33 only when the evidence ... is so one-sided that the jury's contrary view of the case is plainly unreasonable and unjust." *Id.* at 234.[1]

When the district court denied White's motion for a new trial, the district court referred to the "plainly unreasonable and unjust" test, but the court also referred to another formulation of the test. The district court declared that it was legally required to deny White's motion if there was "[any] evidentiary basis for the jury's decision".

A judge deciding a motion for a new trial is not supposed to ask whether there is any conceivable evidentiary basis for the jury's decision. Rather, the judge is supposed to independently assess the weight of the evidence and the credibility of the witnesses. Then, if the jury held a contrary view of the case, the judge must ask whether (in the judge's assessment) the evidence is so one-sided "that the jury's contrary view of the case is plainly unreasonable and unjust", even though there might be some conceivable view of the evidence that would provide a

---

1. Citing *Howell v. State*, 917 P.2d 1202, 1212 (Alaska App.1996).

legal justification for the jury's verdict—*i.e.*, even though it would have been improper for the judge to have granted a motion for a directed verdict (in a civil case) or for a judgement of acquittal (in a criminal case).

We concede that the language, "[any] evidentiary basis for the jury's decision", is repeatedly cited in Alaska appellate decisions. But it is not cited as the proper standard for a trial judge to employ when deciding whether to grant a new trial. Rather, this formulation is the standard that an *appellate* court employs when a litigant challenges a trial judge's *denial* of a request for a new trial (on the ground that the jury's verdict is against the weight of the evidence).[2]

 In other words, this is the test that an appellate court applies to cases where the trial judge affirmatively finds the jury's verdict to be reasonable, and the appellate court is asked to review the *trial judge's ruling—i.e.*, asked to decide whether it was an abuse of discretion for the trial judge to uphold the jury's verdict.

When the district court denied White's motion for a new trial, the court relied on both the "plainly unreasonable and unjust" formulation and the "[any] evidentiary basis" formulation. Because one of these formulations is inapplicable to the question before the district court, we must vacate the district court's decision and direct the district court to reconsider White's motion in light of what we have said here.

The decision of the district court is VACATED, and this case is remanded to the district court for reconsideration of White's motion for a new trial. We do not retain jurisdiction of this case.

---

2. See, e.g., *Hogg v. Raven Contractors, Inc.*, 134 P.3d 349, 352 (Alaska 2006); *Kava v. American Honda Motor Co.*, 48 P.3d 1170, 1176–77 (Alaska 2002); *Amidon v. State*, 565 P.2d 1248, 1262 n. 44 (Alaska 1977); *Howell v. State*, 917 P.2d 1202, 1212 (Alaska App.1996).