## State of Vermont v. Robert Senecal

[497 A.2d 349]

No. 83-224

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 26, 1985

Opinion On Motion for Reargument Filed July 12, 1985

556

*Timothy W. Shanley,* Washington County Deputy State's Attorney, and *Theresa St. Helaire,* Law Clerk (On the Brief), Barre, for Plaintiff-Appellee.

*Valsangiacomo, Detora & McQuesten, P.C.,* Barre, and *Paul R. Clemente* (On the Brief), Montpelier, for Defendant-Appellant.

**Allen, C.J.** Following a conviction of driving while intoxicated, 23 V.S.A. § 1201(a)(2), the defendant appeals from the denial of a motion to suppress evidence, and from the admission of expert testimony concerning a breath test. The defendant contends that he should have been granted an evidentiary hearing on his suppression motion, and that, upon renewal of his motion, the court gave undue weight to the previous denial and erroneously left the issue for the jury's determination. The defendant also contends that the expert testimony relating back the results of the breath test to the time of operation was not supported by sufficient foundation.

The defendant was originally observed by a Police Officer Moody at 1:07 a.m., behind a Montpelier bar, in an apparently intoxicated state. Officer Moody left the area to respond to a radio call, but informed an Officer Goslant by radio of his observation. Officer Moody returned to the front of the bar at about 1:09, where he briefly spoke with the defendant and several other individuals. He observed the defendant stagger, and noted that he had bloodshot and watery eyes. Officer Moody also could smell alcohol, although the odor might have come from the other individuals. At 1:12 a.m. Officer Goslant observed the defendant, still in front of the bar, staggering slightly. Officers Goslant and Moody briefly exchanged their

observations of the defendant with one another. At 1:28 a.m. Officer Goslant observed the defendant cross the street in front of the bar, and enter a pick-up truck which she recognized as belonging to the defendant. The defendant then left the truck and recrossed the street. The officer did not observe any erratic movements during these crossings.

Officer Goslant subsequently sighted the defendant about one hour later, at 2:29 a.m., when she observed him operating his pick-up truck. According to her trial testimony, she followed the truck until it stopped in a parking area, at which point she pulled alongside. The defendant exited his truck, and the officer concluded from his behavior that he was intoxicated. He was taken to the police station and given a breath test at 3:31 a.m. The defendant was then issued a citation and released.

Prior to trial, the defendant moved pursuant to V.R.Cr.P. 12(b)(3) for the suppression of all evidence and statements resulting from his arrest on the grounds that probable cause for the arrest was lacking. The defendant also requested a hearing on the motion. On the same day, the district court denied the motion, relying upon the arresting officer's affidavit. The defendant apparently was not notified of that denial until a month later. In the meantime, the defendant's counsel took the deposition of the arresting officer.

Upon learning that his motion to suppress had been denied, the defendant filed a motion to reconsider, which was heard before a different judge. That judge, after considering the deposition of the arresting officer, denied the motion to reconsider, stating, "I can't overrule a ruling of a previous judge and it seems also, to me, that you have, if you have a dispute about what the officer says, well, it's a matter that will come out in the trial when you try the case, to impeach him."

At trial, the evidence which the defendant had sought to suppress was admitted without further objection. The jury convicted him of driving while intoxicated.

## I.

The defendant claims error in the original decision on his motion to suppress having been made without a hearing or findings of fact, and in the denial of his motion to recon-

sider. However, the defendant failed to object to the admission at trial of the evidence which he earlier sought to suppress. Although a failure to object would not amount to a waiver of the claim where no new facts are adduced at trial, and the same judge presided at trial as decided the suppression motion, *State* v. *Connolly*, 133 Vt. 565, 569, 350 A.2d 364, 367 (1975), such was not the case here. The trial judge did not rule on either of the earlier motions, and so never had an opportunity to consider the defendant's objection to the evidence. Particularly since pretrial rulings are tentative and subject to revision, *State* v. *Baldwin*, 140 Vt. 501, 514, 438 A.2d 1135, 1142 (1981), it cannot be said that objection at trial "would [have been] a useless performance," or "would [not have served] to further apprise the court or the State of respondent's claim . . . ." *Connolly*, *supra*, 133 Vt. at 569, 350 A.2d at 367. Because the evidence was not objected to at trial, we will not consider it here. *State* v. *Chambers*, 144 Vt. 234, 242, 477 A.2d 110, 114 (1984). Nor does there appear to have been plain error, justifying review upon appeal despite the absence of an objection. *State* v. *Gilman*, 145 Vt. 84, 87, 483 A.2d 598, 600 (1984).

## II.

The defendant's second contention concerns testimony by the State's expert witness, a chemist experienced in analysis of breath samples for blood alcohol content (b.a.c.). The chemist testified as to what the defendant's b.a.c. was at the time of the defendant's operation of his truck, based upon the results of the breath test taken one hour later. The defendant contends that there was insufficient foundation to permit the admission of this "relation back" evidence.

The chemist testified that the defendant's b.a.c. at 3:30 a.m. was .19 percent alcohol. Asked what further information he would need to know what the b.a.c. was an hour earlier, at the time of operation, he stated:

> We'd need to know the time that the person had the first drink, the last drink, it would be helpful to know what he had to drink, any meal history during the time of the drinking, time of operation, and time of test.

The prosecutor then asked:

If we have an individual who at 1:30 appears to be intoxicated, who at 2:30 appears to be intoxicated, and who at 3:30 has .19 blood alcohol, and we know from 2:30 to 3:30 that individual did not drink any alcohol, would that alone be enough for you to determine what that person's blood alcohol rate was at 2:30?

The witness answered that the b.a.c. would be one of two levels, depending upon what the individual had eaten. If he had eaten a full meal within an hour of 2:30, his b.a.c. would have been .179, assuming he had not drunk a significant amount within half an hour. If he had had an empty stomach, and had consumed no alcohol within the half hour before 2:30, his b.a.c. would have been .20. The only way the individual could have had a b.a.c. below .10 at 2:30, consistent with a b.a.c. of .19 at 3:30, would have been if he had had seven drinks within the preceding half hour.

■ The defendant claims first that the assumptions provided by the prosecutor—that of intoxication at 1:30 and 2:30 —were misleading because they were stated as facts when it was up to the jury to find them to be facts. Those assumptions were "within the tendency of the evidence," and so it was not improper to base a hypothetical question thereupon. *State* v. *Rollins*, 141 Vt. 105, 111, 444 A.2d 884, 887 (1982) (quoting *Marsigli Estate* v. *Granite City Auto Sales, Inc.*, 124 Vt. 95, 102, 197 A.2d 799, 804–05 (1964)).

■■ The defendant also claims that the assumptions provided by the prosecutor were insufficient to meet the requirements established by the witness himself. It is true that the witness initially stated that he would need to know, inter alia, the time of an individual's first and last drink and what he had to drink. The witness later gave an estimate of b.a.c. without an assumption concerning those three factors, stating that the assumptions made in the hypothetical question were sufficient if the meal history was known. Thus, the witness contradicted himself concerning what information he needed to make an estimate, a fact which the defense was free to bring out upon cross-examination. The credibility of an expert witness and the weight to be given his testimony is a matter for the jury. *State* v. *Bishop*, 128 Vt. 221, 228, 260 A.2d 393, 398

(1969). The contradiction, however, did not render the expert's opinion without foundation.

*Affirmed.*

### On Motion for Reargument

**Allen, C.J.** The defendant, following argument, made available to this Court a transcript of a conference with the trial judge, held prior to trial. His counsel represents to this Court that at oral argument he became aware of the fact that the "transcript was incomplete," and claims that the record of the proceedings at this conference demonstrates that his objection to the admission of certain evidence was preserved for appeal.

At that conference, the State's Attorney requested that the trial court hold an evidentiary hearing on the defendant's suppression motion. Defendant's counsel *opposed* that request. The trial court indicated that it would neither review the prior denials of the suppression motion nor hold an evidentiary hearing. The trial court did give the defendant an opportunity to reapply to the judge who had previously denied the motion. The defendant's counsel declined that offer and failed to object to the trial court's refusal to either review the prior decisions or to hold an evidentiary hearing. The defendant never asked the trial judge to suppress the evidence he claims was unlawfully obtained, either at this conference or at trial.

■ However, the trial court appears to have proceeded upon the assumption that the objection had been properly preserved for appeal, and the defendant's counsel may have relied upon the court's recognition that "there may be error in the record." The suppression issue had been clearly brought to the attention of the trial court. Therefore, this Court will treat the objection as having been properly preserved.

■ The defendant's first claim of error is that his motion to suppress was denied without an evidentiary hearing or findings of fact. A hearing on a motion is not required unless the motion papers "indicate a real dispute for one or more relevant facts." V.R.Cr.P. 47(b)(2) (Reporter's Notes at 194); *State* v. *Allen,* 145 Vt. 393, 395, 488 A.2d 775, 777 (1985); see also *United States* v. *Harrelson,* 705 F.2d 733,

737 (5th Cir. 1983) (evidentiary hearing required on motion to suppress "only when necessary to receive evidence on an issue of fact"). Nor do the defendant's due process rights require an evidentiary hearing, at least in the absence of substantial factual issues. See, e.g., *Franks* v. *Delaware*, 438 U.S. 154, 171–72 (1978) (Fourth and Fourteenth Amendments require evidentiary hearing on challenge to truthfulness of affidavit accompanying search warrant only where a substantial preliminary showing of untruthfulness by defendant). Similarly, findings of fact are only required when factual issues are involved in determining a motion. V.R.Cr.P. 47(c); *State* v. *Murray*, 134 Vt. 115, 116, 353 A.2d 351, 353 (1976).

█ The defendant's original motion to suppress did not challenge the facts set forth in the affidavit accompanying the information. Rather, the motion amounted to a claim that, as a matter of law, the police lacked probable cause to arrest the defendant, and thus it was insufficient to raise a factual issue to be determined at an evidentiary hearing.

█ The defendant's motion to reconsider presents a different matter. The arresting officer's affidavit of probable cause states that the defendant "parked" his truck, and that the officer noticed the defendant's intoxicated condition as he left the truck. In the officer's deposition, however, she stated that she "stopped him." Thus, a factual issue arose as to whether the officer stopped the defendant, and if so, whether legal cause existed to stop him before he exited the truck. An evidentiary hearing should have been held to resolve this dispute.

The defendant next claims that the trial judge, and the judge hearing the motion to reconsider, erroneously deferred to prior decisions on the defendant's motion to reconsider. The earlier rulings had no binding effect where new evidence had been presented. Pretrial rulings are tentative, and subject to revision. *State* v. *Baldwin, supra,* 140 Vt. at 514, 438 A.2d at 1142. As was stated there, a contrary view would render the trial court "helpless in the face of additional evidence . . . which might otherwise dictate a modification or a reversal of the preliminary rulings." *Id.* The fact that the additional evidence developed before, rather than during, trial is immaterial.

 Nor is it sufficient to dispose of the factual issues by leaving it to the jury as bearing upon credibility. If a motion to suppress raises factual issues, they must be determined by the court.

 The State argues that denial of the hearing, if error, was harmless error, because the defendant's counsel was heard by the trial court on the issue of probable cause during the in-chambers conference, and because the police had probable cause to effect the arrest. However, the transcript does not support the view that the trial court considered the issue. The court stated, "I am not going to personally hear it." Nor can this Court decide whether the police had probable cause. An issue of fact necessary to the determination of probable cause, whether the defendant had been subjected to a stop which was justified by an articulable and reasonable suspicion of criminal activity, *State* v. *Emilo*, 144 Vt. 477, 481, 479 A.2d 169, 171 (1984), was never resolved by the trial court. Absent such a resolution, it cannot be said whether the arrest was legal.

The defendant's remaining claim upon motion for reargument is that the trial testimony of the State's expert witness should have been struck. This claim is without merit for the reasons stated in the original opinion.

*Cause remanded for an evidentiary hearing on the defendant's motion to suppress. If the motion is granted, the defendant shall be granted a new trial. If the motion is denied, the conviction shall be affirmed.*