### State of Vermont v. Edward L. Tongue

[753 A.2d 356]

Nos. 98-516 & 99-126

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed March 17, 2000

*Edward G. Adrian,* Franklin County Deputy State's Attorney, St. Albans, for Plaintiff-Appellee.

*Robert Appel,* Defender General, and *Anna Saxman,* Appellate Attorney, Montpelier, for Defendant-Appellant.

**Skoglund, J.** In these consolidated cases, defendant Edward Tongue appeals from the civil suspension of his driver's license and from the district court's denial of his motion to suppress and motion to reconsider in the related criminal case. On appeal, defendant argues that (1) the court erred in denying his motion to dismiss the civil suspension proceeding; (2) the court in the civil suspension proceeding erred in denying his motion to suppress; and (3) the court in the criminal proceeding erred because it denied defendant's motion to suppress and motion to reconsider without holding a hearing, without making findings of fact, and without reaching the merits of the motion. We affirm in part and reverse in part.

The relevant facts are not in dispute. On August 23, 1998, at approximately two o'clock in the morning, Trooper John Young was driving down Shaw Road on his way to investigate a domestic dispute. While en route, he observed defendant sitting behind the steering wheel of a car parked off of the traveled portion of Shaw Road. The car's lights were off and its engine was not running. After completing the response to the domestic dispute, Trooper Young, joined by Trooper Raymond, returned to the area on Shaw Road where Trooper

Young had seen defendant's car approximately twenty minutes earlier. Both troopers approached the car and saw that defendant was apparently asleep. They detected a strong odor of intoxicants coming through the partially opened car window, knocked on the window, awakened defendant, and, based upon their observations, processed defendant for driving while intoxicated (DWI).

On August 28, 1998, Trooper Young sent defendant a notice of intent to suspend his driver's license. See 23 V.S.A. § 1205(c). On August 30, 1998, defendant requested a hearing before the district court on the issue of license suspension. See *id.* § 1205(f). On October 5, 1998, the court held a preliminary hearing. See *id.* § 1205(g). On October 19, 1998, fifty-seven days after the date of the alleged offense, the court held a final hearing. See *id.* § 1205(h). Defendant moved to dismiss the final hearing because it had not been held within forty-two days of the date of the alleged offense, as required by § 1205(h). The court denied defendant's motion, finding that there was good cause for the delayed hearing because "one assumes that the State has done all that it can to bring the charge within the 21 days and we have scheduled the final hearing within 21 days of the preliminary." See *id.* ("[T]he court shall schedule a final hearing on the merits to be held within 21 days of the date of the preliminary hearing. In no event may a final hearing occur more than 42 days after the date of the alleged offense without the consent of the defendant or for good cause shown.").

Defendant also moved to suppress all of the evidence that flowed from the seizure, arguing that the troopers did not have a reasonable and articulable suspicion to justify seizing him. See *State v. Lamb*, 168 Vt. 194, 196, 720 A.2d 1101, 1102 (1998). The State countered that no seizure had taken place, and therefore, the troopers were not required to have a reasonable and articulable suspicion. The State further argued that, even if the court concluded that a seizure had taken place, the seizure was justified based on the community caretaking doctrine. The court denied the motion, concluding that a seizure had taken place, and that, under the community caretaking doctrine, the troopers were justified in seizing defendant. See *State v. Marcello*, 157 Vt. 657, 658, 599 A.2d 357, 358 (1991) (mem.). The court entered judgment for the State and suspended defendant's driver's license. Defendant appeals the suspension.

On October 19, 1998, in the criminal proceeding, defendant filed a motion to suppress all evidence that flowed from the seizure, arguing that, based on the above-stated facts, the troopers did not have a

reasonable and articulable suspicion to justify seizing him. The State did not respond, and, on November 18, 1998, the court denied defendant's motion, holding that defendant did not allege that a seizure had taken place. On November 23, 1998, defendant filed a motion to reconsider alleging, for the first time, that one of the troopers banged on defendant's car door and illuminated the interior of his car with a flashlight, and that both troopers had blocked his car in with their cruisers. Based on these additional facts, defendant argued that a seizure had occurred. Further, he contended that there were no facts to justify the seizure. Thus, according to defendant, because the troopers had no reasonable and articulable suspicion to justify seizing him, and because the seizure could not be justified under the community caretaking doctrine, the resulting evidence had to be suppressed. The State did not respond to this motion. On January 20, 1999, the court denied the motion, stating: "Serial motions are disfavored." A jury subsequently convicted defendant of DWI. See 23 V.S.A. § 1201(a)(2). Defendant filed a motion for judgment of acquittal or for a new trial, alleging that the State's evidence was insufficient to sustain the conviction. See V.R.Cr.P. 29(c) & 33. The court denied the motion. Defendant appeals his conviction.

## I. Civil License Suspension Proceeding

Defendant first argues that the court erred in denying his motion to dismiss the civil suspension proceeding. According to defendant, because the final hearing was not held within forty-two days of the date of the alleged offense, under 23 V.S.A. § 1205(h) the court should have dismissed the proceeding. Furthermore, defendant argues, the court erred in finding that there was good cause for the delay in the hearing. We agree with both contentions.

Defendant's first argument is controlled by our recent decision in *State v. Singer*, 170 Vt. 346, 749 A.2d 614 (2000). There, we held that, under § 1205(h), if a final hearing is not held within forty-two days of the date of the alleged offense, the proceeding must be dismissed. See *id.* at 351-52, 749 A.2d at 618.

Next, whether good cause exists is a mixed question of fact and law. See *id.* at 352, 749 A.2d at 618. The court's findings of fact will be upheld "unless they are unsupported by the evidence or clearly erroneous." *State v. Zaccaro*, 154 Vt. 83, 86, 574 A.2d 1256, 1258-59 (1990). Its conclusion regarding good cause "will be upheld if supported by the findings." *City of Burlington v. Davis*, 160 Vt. 183, 184, 624 A.2d 872, 873 (1993).

As noted above, the court found good cause based upon its assumption that the State had done all it could to bring the proceeding in a timely manner. However, there was no evidence to support the court's assumption. The State did not argue that it had good cause and thus presented no evidence regarding good cause. Therefore, the court's conclusion that the State had good cause for the delay is unsupported by the evidence and cannot be sustained.

■ Because the final hearing was not held within forty-two days of the date of the alleged offense, and because the State did not demonstrate good cause for the delay, the civil license suspension proceeding should have been dismissed.* Therefore, we need not address defendant's argument that, in the civil suspension proceeding, the court erred in denying his motion to suppress.

## II. Criminal Proceeding

Next, defendant argues that, in the criminal proceeding, the court erred because it denied his motion to suppress and motion to reconsider without holding a hearing, without making findings of fact, and without reaching the merits of the motions, in violation of his rights under Chapter I, Article 4 of the Vermont Constitution.

With regard to defendant's argument that the court erred because it neither held a hearing nor made findings of fact, we discussed this precise issue in *State v. Senecal*, 145 Vt. 554, 497 A.2d 349 (1985). There, we stated: "A hearing on a motion is not required unless the motion papers 'indicate a real dispute for one or more relevant facts.'" *Id.* at 560, 497 A.2d at 352 (quoting Reporter's Notes, V.R.Cr.P. 47(b)(2)). Furthermore, we stated that the failure to hold an evidentiary hearing does not deny due process rights unless "substantial factual issues" exist. *Id.* at 561, 497 A.2d at 352. See also *Quesnel v. Town of Middlebury*, 167 Vt. 252, 258, 706 A.2d 436, 439 (1997) (Chapter I, Article 4 of Vermont Constitution is equivalent to federal Due Process Clause). Finally, in *Senecal*, we noted that, in deciding a motion, a court need not make findings of fact unless there is a factual dispute. See *Senecal*, 145 Vt. at 561, 497 A.2d at 352.

■ Here, the State did not respond to either defendant's motion to suppress or his motion to reconsider. Thus, there was no factual dispute and the court was, therefore, not required to make findings of fact or to hold an evidentiary hearing. See *id.*

---

*Accordingly, defendant's recently filed motion for summary reversal is granted.

Next, defendant argues that the court erred in failing to reach the merits of his motion to suppress and motion to reconsider. The court denied defendant's motion to suppress because defendant failed to allege that a seizure had even occurred. According to defendant's motion, a trooper "approached Defendant's vehicle which was parked in a pull-off. The Defendant was sleeping behind the wheel with the engine and lights off. [The trooper] detected an odor of intoxicants and, after waking the Defendant, processed him for DWI." The court determined that, given the facts, no seizure had occurred.

Subsequently, defendant filed a motion to reconsider, alleging the additional facts that both troopers blocked defendant's car in with their cruisers, and that one trooper had used a flashlight to illuminate the inside of defendant's car. The court denied this motion on the ground that "[s]erial motions are disfavored."

■ First, the court did reach the merits of defendant's motion to suppress. In relevant part, defendant's motion alleged that a trooper approached defendant's car and awoke defendant. Under these facts, the court concluded that no seizure occurred, citing *State v. Burgess*, 163 Vt. 259, 261, 657 A.2d 202, 203 (1995) (when police officer merely approaches and questions person in parked vehicle, no seizure has occurred; test is whether officer has done anything to inhibit person's freedom of movement), and *State v. Sutphin*, 159 Vt. 9, 12, 614 A.2d 792, 794 (1992) (Dooley, J., concurring) ("'the mere approaching and questioning of a person seated in a parked vehicle does not constitute a seizure.'") (quoting *People v. Murray*, 560 N.E.2d 309, 313 (Ill. 1990)). Whether a seizure occurred is a substantive, not procedural, issue, and the court addressed the merits of whether there had been a seizure.

■ Second, the court did not err in failing to reach the merits of defendant's motion to reconsider. We have never held that, where new facts are adduced in a motion to reconsider, the court is required to reconsider its ruling. In *State v. Bruno*, 157 Vt. 6, 595 A.2d 272 (1991), we stated that it is better practice for the court to reconsider a pretrial ruling "where serious grounds arise as to the correctness of the . . . ruling." *Id.* at 8, 595 A.2d at 273-74. However, we also emphasized that "trial court reconsideration of pretrial suppression rulings is to be the exception, not the rule. A contrary emphasis would have a completely . . . devastating effect on judicial economy." *Id.* at 8 n.1, 595 A.2d at 274 n.1.

On appeal from the criminal proceeding, defendant does not argue that we should reach the merits of the issue of whether there was a

seizure and, if so, whether the seizure was justified. Therefore, we do not reach the merits.

*Affirmed in part and reversed in part.*