2008 VT 1

**STATE of Vermont v. Cynthia AMLER**

[944 A.2d 270]

No. 07-117

*Bent*, J.

¶ 1. January 3, 2008. The State appeals from the district court's dismissal of civil suspension proceedings against defendant. The State claims that the district court abused its discretion by dismissing the proceedings after acknowledging that the court was itself at fault for not scheduling a final hearing before the statutory deadline. The State argues that it was an abuse of discretion for the district court to conclude that its own scheduling failure did not constitute the "good cause" required by statute to avoid dismissal. We affirm.

¶ 2. The relevant facts are not in dispute. On September 6, 2006, the Windsor County State's Attorney's Office filed an information charging defendant with

driving under the influence of intoxicating liquor, second offense, in violation of 23 V.S.A. § 1201(a)(2). The charge was based on alleged conduct that took place on August 24, 2006. On September 12, 2006, defendant was arraigned, and the district court held a preliminary civil suspension hearing pursuant to § 1205(g). At the preliminary hearing, defendant did not waive her § 1205(h) right to receive a final hearing on the merits of the civil suspension within forty-two days of the alleged offense. The State, too, requested on the record that a final civil suspension hearing be set within the time frame required by § 1205(h). Section 1205(h) reads, in pertinent part:

> If the defendant requests a hearing on the merits, the court shall schedule a final hearing on the merits to be held within 21 days of the date of the preliminary hearing. In no event may a final hearing occur more than 42 days after the date of the alleged offense without the consent of the defendant or for good cause shown. The final hearing may only be continued by the consent of the defendant or for good cause shown.

23 V.S.A. § 1205(h)(1).

¶ 3. No final hearing took place within forty-two days of August 24, 2006 — the date of the alleged offense. On November 3, 2006, defendant moved to dismiss the information, arguing that the forty-two-day requirement was mandatory, that defendant had not consented to a continuation of the hearing, and that "[n]o good cause exist[ed]" for the delay. The State agreed that defendant had not consented to a continuation, but argued that the information should not be dismissed because there was good cause for the failure to hold a final hearing within the required timeframe. The entirety of the State's good-cause argument reads as follows:

> The State is aware, anecdotally, that Windsor District Court staff have had difficulty finding time to hold civil suspension hearings. The State submits that this difficulty satisfies the "good cause shown" requirement in § 1205(h) that is necessary in order to hold a civil hearing after the 42 day period has elapsed.

In addition to its good-cause argument, the State argued that "[i]n any event, the State's case should not be prejudiced by a scheduling failure in which the State played no culpable role," and "because any failure to abide by the so-called '42 Day Rule' is not the State's fault." The district court granted defendant's motion. The court acknowledged that "the fault lies with the court's schedule, not the State," but reasoned that "nonetheless, failure of the court to schedule is not 'good cause.' " This appeal followed.

¶ 4. Under the statute, if a final hearing does not occur within the requisite forty-two day period, the court *must* dismiss the proceeding unless the defendant consents to continuing it or the State shows good cause for a continuance. *State v. Singer*, 170 Vt. 346, 349, 749 A.2d 614, 616 (2000). The parties both recognize that the forty-two-day requirement in § 1205(h) is mandatory and jurisdictional for second or subsequent offenses. See 23 V.S.A. § 1205(t) (providing that for first offenses, the time limits set forth in subsection (h) are directive only and not mandatory or jurisdictional). Because the parties also agree that defendant did not consent to a continuance, the only thing at issue in this appeal is whether the district court erred when it concluded that there was no good cause for the delay.

¶ 5. Whether good cause exists under § 1205(h) is a mixed question of fact and law that we leave to the discretion of the district court. *State v. Tongue*, 170 Vt. 409, 412, 753 A.2d 356, 358 (2000). This Court

will uphold the district court's findings of fact unless clearly erroneous or unsupported by the evidence. *Id.* (citation omitted). We will uphold the district court's conclusion regarding good cause if supported by its findings, *id.* (citation omitted), keeping in mind that an abuse of discretion is "the failure to exercise discretion or its exercise on reasons clearly untenable or to an extent clearly unreasonable." *State v. LaGoy*, 136 Vt. 39, 41, 383 A.2d 604, 605 (1978).

¶ 6. The State does not challenge the district court's finding that the court was at fault for the scheduling delay. Rather, the State argues that — given this finding — it was "clearly unreasonable" for the district court to conclude that good cause did not exist. We disagree.

¶ 7. The State first claims that our decisions in *Singer*, 170 Vt. 346, 749 A.2d 614, and *Tongue*, 170 Vt. 409, 753 A.2d 356, stand for the proposition that, in the § 1205(h) context, if there is *any* evidence of good cause on the record, the district court must conclude that good cause exists. The State's reading of *Singer* and *Tongue* is too broad. In *Tongue*, we reversed a good-cause conclusion based on an assumption that the State had "done all it could to bring the proceeding in a timely manner" where there was no evidence on the record to support the court's conclusion. 170 Vt. at 413, 753 A.2d at 358. In *Singer*, we upheld the trial court's conclusion that no good cause existed where the State argued that the administration of a blood test was per se good cause but "neither presented, nor attempted to present, any facts to support a finding of good cause other than simply stating that a blood test was involved." 170 Vt. at 352, 749 A.2d at 618. In *Singer* and *Tongue*, we established that a conclusion of good cause must be supported by evidence, not that *any* evidentiary showing compels the conclusion.

¶ 8. The State also notes our acknowledgement in *Singer* that good cause may

exist in circumstances in which the State *is* at fault. See *id.* (In some cases, [the State's] difficulty in capturing or analyzing a blood test . . . may provide good cause for a delay.). Given this acknowledgement, the State claims, "it [would be] illogical and unfair to the State to conclude that good cause does not exist where, as here, the State requested a hearing and was ready to proceed within forty-two days, and the delay was caused by events entirely beyond the State's control." However, our hesitation to base a good-cause determination on the presence or absence of the State's fault in *Singer* does not help the State's argument here. Fault is not necessarily our only consideration.

¶ 9. The district court's conclusion that there was no good cause in this case is consistent with the Legislature's purpose in drafting the statute. We have observed that "[t]he summary [civil license] suspension scheme serves the . . . purpose of protecting public safety by quickly removing potentially dangerous drivers from the roads." *State v. Anderson*, 2005 VT 80, ¶ 3, 179 Vt. 43, 890 A.2d 68 (citation omitted). The Legislature created the summary suspension procedure because it recognized that "criminal cases can be protracted and slow to resolve" and because it wished to "facilitate a speedy and summary procedure to get drunk drivers off the roads through license suspension." *Id.* The State argues that the Legislature "clearly intended" for the courts to interpret good cause broadly — or at least broadly enough to encompass the instant situation — in order to minimize the number of cases dismissed for failure to satisfy the time periods specified in § 1205(h). However, the goal of "quickly removing potentially dangerous drivers from the roads," *id.*, would not be served by defining good cause broadly, as the State recommends. Such a reading would provide no incentive to schedule hearings promptly. Summary dismissal is not inconsistent with a summary procedure.

¶ 10. Finally, the State contends that defendant's motion to dismiss for failure to hold the hearing within the forty-two days required by statute "arguably is tantamount to a Motion to Dismiss for Lack of Speedy Trial." Likewise, the State asks us to uphold dismissal only if the circumstances of this case would constitute a violation of defendant's speedy-trial right. We decline the State's invitation to engage in speedy-trial analysis here. Defendant sought to enforce an entitlement to timeliness contained in statute and prevailed in doing so. In interpreting and applying § 1205(h) we have engaged in the proper analysis by which to evaluate the State's appeal.

¶ 11. The district court acted within its discretion in determining that its own scheduling failure did not constitute good cause. The State has given us no reason to conclude that it was clearly unreasonable for the court to come to such a determination.

*Affirmed.*