# State of Vermont
## Superior Court - Environmental Division

```
========================================================================
```
# E N T R Y   R E G A R D I N G   M O T I O N
```
========================================================================
```

**In re Pion Sand & Gravel Pit**                                      Docket No. 245-12-09 Vtec

Project:   Act 250 Permit for Sand & Gravel Pit in Lowell, Vermont

Applicant: Bruce and Laurine Pion

Title: Motion to Alter and Amend (Filing No. 5)

Filed:  July 16, 2010

Filed By: David Grayck, Attorney for Appellants James Murphy, Linda Murphy, Penny Carghill,
          and Deborah Pratt

Response in Opposition filed on 08/03/10 by Appellees Bruce and Laurine Pion

___ Granted          _X_ Denied          ___ Other

Appellants James Murphy, Linda Murphy, Penny Carghill, and Deborah Pratt
("Neighbors") seek by their pending motion to have the Court alter and amend its July 2, 2010
Decision on Appellant's Motion for Party Status, in which we denied Neighbors' request for
additional party status under Act 250 criterion 1 (air pollution).[1]  In re Pion Sand & Gravel Pit,
No. 245-12-09 Vtec, slip op. at 9–10 (Vt. Envtl. Ct. July 2, 2010) (Durkin, J.) [hereinafter "July
2 Decision"].   In that Decision, we concluded that Neighbors failed to provide sufficiently
specific facts to support their claim that asbestos dust is likely to travel from the proposed Pion
quarry and onto their land at such levels as to adversely affect their interests protected by Act
250 criterion 1, 10 V.S.A. § 6086(a)(1).  July 2 Decision, at 10.  Neighbors claim that the Court
erred in this conclusion, and they renew their request for party status under criterion 1 (air
pollution) in this motion to amend.

A motion to alter or amend, pursuant to V.R.C.P. 59(e), "allows the trial court to revise
its initial judgment if necessary to relieve a party against the unjust operation of the record
resulting from the mistake or inadvertence of the court and not the fault or neglect of a party."
Rubin v. Sterling Enters., Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292,
302 (1994)).  The moving party has a high burden in demonstrating the need to alter or amend a
previous judgment.  They "must clearly establish either a manifest error of law or fact or must
present newly discovered evidence."  Northern Sec. Ins. Co. v. Mitec Electronics, Ltd., 2008 VT

---

[1] Neighbors retained party status under Act 250 criteria 1 (concerning noise impacts) and 8 (concerning aesthetic
impacts) from the District Commission proceedings.  No challenge to these party status determinations has been
made in this appeal.  In our July 2 Decision, we granted Neighbors' request for party status under Act 250 criteria 4
(soil erosion, solely as to the excavation work along Route 100), 5 (traffic), 9K (public investment), and 9E
(extraction of earth resources), but determined that Neighbors had not made a sufficient showing to support their
claims for additional party status under Act 250 criteria 1 (dust and water pollution from hazardous materials,
specifically asbestos), 3 (water supply), 9(B) (primary agricultural soils), and 10 (town and regional plan).  In the
pending motion to alter, Neighbors only request reconsideration of our denial of party status under criterion 1 (air
pollution); they do not challenge the party status denials under criteria 1 (water pollution), 3, 9(B) or 10.

96, ¶ 44, 184 Vt. 303 (2008) (quoting FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Such a motion should not be used to relitigate old matters or merely express disagreement with the court. In re Marsh Zoning Permit, No. 135-7-08 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Dec. 16, 2009) (Wright, J.) (citations omitted). Because of the narrow purposes for which they are intended, motions to alter or amend are rarely granted. Id.

Neighbors claim by their pending motion that the Court's denial was manifestly unjust and deprives Neighbors an opportunity to demonstrate that Applicants' project fails to comply with criterion 1. Neighbors seek party status for the opportunity to conduct further discovery and litigate whether Applicants' proposal will result in undue air pollution.

By their pending motion, Neighbors express understandable concerns over potential adverse impacts from this nearby development, and we appreciate their sincere concerns that give rise to their desire to participate in this appeal. However, we are obligated to limit their participation to the Act 250 criteria for which they have a particularized interest that may be affected by the project. 10 V.S.A. § 6085(c)(1)(E). To secure this additional party status under criterion 1, Neighbors must set forth specific and concrete evidence of a causal connection between a proposed development and an interest protected by Act 250 criterion 1. See July 2 Decision, at 6–8 (citing cases). Here, Neighbors have failed to fulfill this initial party status showing.

While Neighbors' expert asserts that dust could possibly travel by wind to Neighbors' property, he fails to demonstrate, other than by mere speculation, how asbestos within the project soils could actually be blown onto Neighbors' property. In fact, Neighbors concede that they have no site-specific wind study to support their assertion, and they have not offered evidence to contradict an ANR suggestion that there is not "a scientifically-accepted methodology for accurately correlating airborne concentrations of asbestos from soil concentrations." See ANR Supplemental Comments of July 31, 2009 to the District Commission, a copy of which Applicant supplied as Exhibit L.

As noted in our July 2 Decision, we concluded that Neighbors, as adjoining property owners who actively use and enjoy their property, do have a "particularized interest" that Act 250 criterion 1 was crafted to protect, but we concluded that Neighbors had failed to satisfy the minimalist showing that their protected interest could be adversely affected in the manner they expressed. See July 2 Decision, at 9–10. Neighbors' expert concurred with ANR representations that the "kame terrace [soils] formed from glacial deposits" that are a common source for sand and gravel throughout Vermont "could include some asbestos." Exhibit L, at 1. But we remain at a loss to understand how this possible presence in the soils of "some asbestos" will become airborne and settle on neighboring properties as to possibly cause the "undue air pollution" against which criterion 1 seeks to protect.

We reject Neighbors' suggestions that the Court improperly transferred the burden of proof to them and did not allow for sufficient opportunity to conduct soil samples. Neighbors still have not explained how the presence of asbestos in the soils, even if confirmed, would

somehow be transferred into the air at the Pion gravel pit and transmitted by the prevailing winds[2] from the project site and onto Neighbors' property to the south.

Thus, Neighbors provide no evidence upon which we could conclude that Applicants' proposed gravel pit could cause undue air pollution to travel onto Neighbors' property. To secure the requested additional party status, Neighbors must provide specific and concrete evidence connecting a possible undue impact from the proposed project to Neighbors' protected interests. We conclude, as we did in our July 2 Decision, that Neighbors have failed to provide any evidence to demonstrate a connection between the proposed project and an interest protected by criterion 1 (air pollution).

For these reasons, we must deny Neighbors' renewed request for party status under criterion 1 (air pollution), since Neighbors' concerns are understandable, but unsubstantiated; they have provided no basis for a conclusion that the proposed pit could possibly cause asbestos to become airborne and be transmitted to their property. Accordingly, Neighbors' motion to amend and alter our July 2, 2010 Decision is **DENIED**.

_____        ___August 12, 2010___
        Thomas S. Durkin, Judge                                Date

=====================================================================

Date copies sent to: _____        Clerk's Initials _____

Copies sent to:

   Attorney David Grayck for Appellants James Murphy, Linda Murphy, Penny Carghill, and
           Deborah Pratt
   Attorney Jeremy D. Hoff for Appellees Bruce and Laurine Pion
   Attorney Mark L. Lucas for the Vermont Natural Resources Board/Land Use Panel
   Attorney Judith L. Dillon for the Vermont Agency of Natural Resources
   Attorney Daniel D. Dutcher for the Vermont Agency of Transportation

---

[2] Neighbors also leave unexplained how dust, including asbestos particles, could be transmitted onto their property by winds that generally travel from west to east in the subject area. Neighbors' expert asserts that the area's prevailing winds could travel in a north-south direct, but offers no foundation for this conclusion.