*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2015-206 & 2015-207

NOVEMBER TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Caledonia Unit, |
| v. | } | Criminal Division |
| | } | |
| John Dunbar | } | DOCKET NO. 470-7-14 Cacr |
| | | |
| State of Vermont | } | |
| | } | |
| v. | } | |
| | } | |
| Kelly Taylor | } | DOCKET NO. 486-7-14 Cacr |

Trial Judge: Robert R. Bent

In the above-entitled causes, the Clerk will enter:

Defendants appeal their convictions of driving while under the influence (DUI). On appeal, defendants argue that the court erred by failing to hold a hearing or make written findings in denying their renewed motions to exclude the breath test results. We affirm.

The underlying facts of the two cases are as follows. In July 2014, defendants in both of these DUI proceedings moved to suppress the results of evidentiary breath tests on the ground that the instrument used to perform the analysis failed to comply with performance standards set by the Vermont Department of Public Safety. In August 2014, the court denied both motions, relying on a March 2013 ruling by a different judge in the Caledonia Unit of the Criminal Division addressing the same argument. In that case, the court concluded that the testing methodology for the instruments met current minimal scientific standards. In the decision, the court noted those minimum standards may change in the future, but that the methods used to test the equipment were adequate under currently accepted practice.

In April 2015, just before the start of trial, defendants filed renewed motions to exclude the breath test results. Defendants argued that they had new evidence regarding the State's compliance with international standards. Specifically, defendants proffered that based on testimony in another DUI case they had learned that the Vermont Forensic Laboratory had decided not to seek accreditation of its testing program and this indicated a failure to meet minimum standards. The court denied the motions on the record, and defendants entered conditional pleas.

On appeal, defendants' sole argument is that the trial court erred in denying their renewed motions to exclude the breath tests because the court failed to hold an evidentiary hearing on the

motions and did not issue written findings to support its decision. Defendant does not on appeal challenge the merits of the trial court's decision.

As an initial matter, the court did not err in resolving defendants' motions without a written order. Pursuant to the criminal rules, the court need not issue written findings to resolve a motion, but may make any necessary "essential findings on the record." V.R.Cr.P. 47.

As to the need for an evidentiary hearing, when presented with a motion to suppress or reconsider, the court is not required to hold an evidentiary hearing "unless the motion papers indicate a real dispute for one or more relevant facts." State v. Tongue, 170 Vt. 409, 413 (2000) (quotation omitted); see V.R.Cr.P. 47(b)(2) (granting court discretion to dispose of motion without oral argument). Further, particularly where the pleading is a renewed motion to suppress, the "court has broad discretion in deciding whether to reopen the evidence" and "reconsideration of pretrial suppression rulings [is] the exception, not the rule." State v. Simoneau, 2003 VT 83, ¶ 37, 176 Vt. 15. The court acts within its discretion in denying a further hearing where the defendant fails to demonstrate serious grounds as to the correctness of the initial ruling. Id. ¶ 38.

Here, defendants have failed to present a sufficient record for this Court to determine whether the trial court abused its discretion in resolving the renewed motion to suppress without an evidentiary hearing. The trial court docket entries indicate that defendants filed renewed motions to suppress on the same day of the change-of-plea hearing. The entries further indicate that the court denied the motions at that hearing on the record. Defendants contend that the court failed to sufficiently explain the reasons for its denial, but have failed to order a transcript of that hearing. The appellate rules require an appellant to produce a transcript of all parts of the proceeding below that are relevant to the issues the appellant raises on appeal, and to demonstrate how his or her claims of error were preserved. V.R.A.P. 10(b)(1) (requiring appellant to produce transcript "of all parts of the proceedings relevant to the issues raised by the appellant and necessary to demonstrate how the issues were preserved"). Having failed to order a transcript, petitioner has waived any challenge to the sufficiency of the court's oral rulings. See State v. Gadreault, 171 Vt. 534, 538 (2000) (mem.) (holding that appellant's failure to provide transcript on appeal precluded review of claims); In re S.B.L., 150 Vt. 294, 307 (1988) ("[A]ppellant must bear the consequence of the lack of a transcript of the evidence.").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2