VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 4-1-19 Vtec



| Capitol Plaza Major Site Plan |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Reconsider
Filer:        James A. Dumont
Filed Date:   March 2, 2021

Response in opposition filed by Joseph S. McLean on March 19, 2021.
Reply to opposition filed by James A. Dumont on March 24, 2021.

The motion is **DENIED**.

This matter before the Court concerns coordinated appeals relate to a parking garage and associated subdivision (the Project) proposed by the City of Montpelier (the City).  The City applied for subdivision and Major Site Plan approval in connection with the Project, and the Montpelier Development Review Board (DRB) approved both applications. John Russell and Les Blomberg (together, Appellants) appeal the DRB's decisions. The appeals were filed on January 8, 2019.  The subdivision appeal was assigned Docket No. 3-1-19 Vtec, while the site plan appeal was assigned Docket No. 4-1-19 Vtec.

Appellants are represented by James A. Dumont, Esq. The City is represented by David W. Rugh, Esq. and Joseph S. McLean, Esq.  Interested party Capitol Plaza Corporation is represented by Jeffrey O. Polubinski, Esq.  Currently before the Court is Appellants' Motion to Reconsider.

### Discussion

Appellant requests this Court reconsider its February 10, 2020 decision (2020 Decision) on cross motions for summary judgment.  In the 2020 Decision, this Court concluded that Appellant's Question 2(d)(1) was precluded by Unified Development Regulations (UDR) § 3103.[1]  *See* Capitol Plaza 2 Lot Subdivision & Capitol Plaza Major Site Plan, Nos. 3-1-19 and 4-1-19 Vtec, slip op. at 17 (Vt. Super. Ct. Envtl. Div. Feb. 10, 2020) (Walsh, J.) (holding that UDR § 3202.B is outside the scope of review).

---

[1] Appellants' Amended Question 2(d)(1) asked: "Will the project, including the Heney Lot, comply with the minimum width and internal walkway standards of §§ 3202.A and 3202.B, as limited by §3103?" Capitol Plaza 2 Lot Subdivision & Capitol Plaza Major Site Plan, Nos. 3-1-19 and 4-1-19 Vtec at 17 (Feb. 10, 2020).

Appellant asks this court to alter its conclusion by ruling that § 3103 authorizes application of § 3202.B(2) to this project.

Appellants' motion is made pursuant to V.R.C.P. 59(e), which governs motions to alter or amend a judgment.[2] There are four principal reasons for granting a Rule 59(e) motion: "(1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow a moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) to respond to an intervening change in the controlling law." Old Lantern Non-Conforming Use, No. 154-12-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sep. 13, 2017) (Durkin, J.) (quotations omitted); In re Green Mountain Power Corp., 2012 VT 89, ¶ 50, 192 Vt. 429 (stating that under Rule 56(e), "[t]he trial court enjoys considerable discretion in deciding whether to grant such a motion to amend or alter") (*quoting* In re SP Land Co., 2011 VT 104, ¶ 16, 190 Vt. 418).

The grant of a motion to reconsider, alter, or amend "a judgment after its entry is an extraordinary remedy which should be used sparingly." In re Zaremba Grp. Act 250 Permit, No. 36-3-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.) (quotation omitted); *see also* State v. Tongue, 170 Vt. 409, 414 (2000) (*quoting* State v. Bruno, 157 Vt. 6, 8 (1991)) (stating that "it is better practice for the court to reconsider a pretrial ruling 'where serious grounds arise as to the correctness of the . . . ruling'"). Rule 56(e) motions are "not intended as a means to reargue or express dissatisfaction with the Court's findings of fact and conclusions of law" and cannot "merely repeat[] arguments that have already been raised and rejected by the Court." Town Clarendon v. Houlagans MC Corp. of VT., No. 131-10-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.); Appeal of Van Nostrand, Nos. 209-11-04 Vtec, 101-5-05 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Dec. 11, 2006) (Durkin, J.) (*quoting* Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

In their motion, Appellants do not raise any newly discovered evidence, an intervening change in the controlling law, or argue that reconsideration would prevent manifest injustice. V.R.E.P. 59(e).[3] Instead, Appellants reiterate the argument that UDR § 3202.B(2) relates to off-street parking and therefore review is authorized under UDR § 3103. Appellants reason that § 3103 authorizes review if issues that "relate to" land development such as "walkways" under UDR § 3202.B(2).

The 2020 Decision addressed this very issue, reasoning that that "[p]edestrian walkways and bicycle lanes or paths do not relate to the Project's "location, size, height, building bulk, yards, courts, setbacks, density of buildings, off street parking, loading facilities, noise, lighting, landscaping, [or] screening," under UDR § 3103. *See* Capitol Plaza 2 Lot Subdivision & Capitol Plaza Major Site Plan, Nos. 3-1-19 and 4-1-19 Vtec at 17 (Feb. 10, 2020) (indicating that § 3202.B, which focuses on pedestrian "internal walkways," does not relate to off-street parking) (*citing* In re Town of Charlotte Recreational Trail, No. 98-5-08 Vtec, slip op. at 10 (Vt. Super Ct. Envtl. Div. Feb. 14, 2011) (Durkin, J.)). Appellants' argument represents the type of attempt to relitigate an issue already addressed by this Court which V.R.C.P. 56(e) seeks to avoid. In re Zaremba Grp., No. 36-3-13 Vtec at 2 (Apr. 10, 2014). Therefore, as

---

[2] V.R.C.P. 59(e) gives the Court broad power to alter or amend a judgment "if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enter., Inc., 164 Vt. 582, 588 (1996); Reporter's Notes, V.R.C.P. 59(e).

[3] Appellants states that the reason for the motion to reconsider is "to address one issue that counsel believes the Court may have overlooked" before expert witnesses are deposed.

we discern no manifest error of law or other grounds for modifying our conclusion that Appellant's Question 2(d)(1) was precluded by Unified Development Regulations (UDR) § 3103, we **DENY** Appellants' motion for reconsideration.

## Conclusion

For the reasons stated above, we **DENY** Appellants' motion to reconsider.

Electronically Signed: 5/18/2021 9:13 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division